No. 33.—JOSEPH HENRY, plaintiff in error, *vs.* M. W. PETERS, defendant.

[1.] In Georgia, upon a plea of the Statute of Limitations, and in all like cases, the plaintiff is entitled to prove new matter in avoidance of the plea, and to the administration of the law in his favor, upon the facts proven

Assumpsit, Muscogee Superior Court, tried before Judge AL-EXANDER, May term, 1848.

The facts are sufficiently set forth in the opinion of the Court.

JOHNSON & WILLIAMS, for plaintiff in error, cited :

9 *Cranch,* 339. 2 *Pet. Dig.* 131, 138. *Gould,* 318, 508. *Greenl. Ev.* 60.

*Note.—See *Graybill & Butts vs. Warren,* 4 *Ga. Sup Ct. Rep.* where the Court have examined this question fully.

Hines Holt, for defendant in error.

*By the Court.*—Nisbet, J. delivering the opinion.

The only point insisted upon in the argument of this cause, may be understood by the following recital : To an action on a promissory note, the defendant, among other things, plead want of consideration in this, that the land for which it was given belonged to him, he having a title to the same under the Statute of Limitations of this State. The plaintiff did not demur to the plea, but went to the jury with his case. Upon the trial the defendant proved his possession for seven years, the term of limitation under our Statute. The plaintiff, in rebuttal, proved that the grant from the State for the land had not issued at the time the defendant's possession commenced, and that from the date of the grant to the purchase of the land by the defendant, the term of seven years had not elapsed. The grant, it was farther proven, issued to the plaintiff. Upon this state of facts the presiding Judge instructed the jury, among other things, that if the plaintiff had a grant to the land at the time the contract of sale to the defendant was made, and had made no previous conveyance of it, the defendant's title was not good, and therefore the defence was not sustainable. He also instructed them that by the laws of this State, no written replications in pleadings in actions at law were allowable; that our Statute required the cause to be submitted to the jury on the petition and answer without replication, and although issues were taken on the defendant's pleas, yet the plaintiff's right to recover did not depend upon the truth or falsehood of the pleas, but upon the law of the case as made out by the evidence.

The defendant requested the Court to charge the jury, that, although no replications are allowed in this State, yet if the plaintiff has taken issue on the pleas of the defendant, and the evidence submitted sustains any one of them, they must find for the defendant, which the Court refused to do, and thereupon he excepted.

[1.] The position of the Court below is, that although the plaintiff does not reply to the plea on the record, but denies the truth of the facts stated in it, and takes issue thereon, yet according to the laws of this State, he is entitled to recover according to the

Henry *vs.* Peters.

law of the case, made by the proof. That is to say, in this case, although the plaintiff has taken issue as to the facts of defendant's plea of the Statute of Limitations, yet, if the testimony, whilst it shows seven years' possession, also shows that the possession was not such in law as to give him a title, the plaintiff is entitled to recover. Whereas, the defendant's position is, that under our system of pleadings, by joining issue on the plea—by replying by a traverse, generally, of the facts of the plea, the plaintiff is estopped from claiming the benefit of the law which is applicable to the case, which the testimony upon the trial of that issue may make. That is to say, in this case, if, *in fact*, the defendant had seven years possession of the land, he is entitled to a verdict, notwithstanding the testimony shows that his possession was not such as in law created a title.

Our opinion is with the presiding Judge. The object of pleading is to bring the point in dispute between the parties, at as early a stage in the case as possible, to a single issue or point which is not multifarious or complex. This is attained in England by declaration and plea—replication and rejoinder—surrejoinder—rebutter and surrebutter. The English forms of pleading, to a great extent, are abolished by our Statute, which, in terms, forbids replicating and all pleadings subsequent thereto. The Judiciary act of 1799 requires the plaintiff in his petition, plainly and distinctly to set forth his charge, allegation, or demand, and the defendant plainly and distinctly to set forth the cause of his defence. It farther declares, that the petition and answer shall be sufficient to carry the case to the Jury, *without any replication or other proceedings. Prince,* 420, 421.

The Legislature no doubt supposed that the matters in dispute are sufficiently brought to an issue, by the petition and answer. They desired to simplify the complexity of the British pleadings; to reduce the weight of their overburdened records, and to prune the unseemly and verbose excrescences which exhaust the strength, and mar the beauty of that most excellent system. In my judgment they pruned too deeply. They should at least have spared the replications. In simply doing too much, they have defeated the end proposed. Instead of order, the Act of 1799 has introduced confusion into our records, and made them unintelligible in foreign jurisdictions. The wisdom of what is called special pleadings, is daily being asserted in the inconveniences and ab-

surdities which our system has introduced.   In England, the plaintiff could reply to the defendant's plea.   He could reply matter of estoppel, which, if apparent on the face of the pleadings, would also be ground of demurrer.   He could reply by a denial of the plea ; by a confession and avoidance of it, and in case of an evasive plea, a new assignment.   One of these forms of replication, with a rejoinder, most usually brings the matter in dispute to an issue.   These are cut off by our Statute.   In this case, in England, the plaintiff might have replied a denial of the Statute of Limitations, which would have confined the issue to the truth of the fact of possession ; or (as he would have done if correctly advised) he might have replied by confessing the plea and avoiding it, by stating new matter.   That is, he might have confessed the fact of possession, and avoided it, by replying the fact, that the possession was not in law a title.   By our Statute, he can not do this on the record.   He takes the direction of the Statute, and goes to the jury on his petition, and the defendant's plea or answer.   Is he, in such a case, entitled to the same rights as in England he would be entitled to, under a replication of confession and avoidance ?   We think he is.   So also, upon a plea of infancy, he is entitled to show necessaries or an affirmance of the contract at maturity—upon a plea of the Statute of Limitations, he may show a direct promise to pay.   In all such cases, the construction we give to our Statute is, that the plaintiff may prove the matter in avoidance, and is entitled to the administration of the law in his favor, upon the facts proven.   How much better, if the replication were upon the record.   Then the record would be intelligible.   Now, for example, a suit is brought upon a promissory note—the Statute of Limitations is pleaded, and by the record, the note is barred ; yet there is a judgment for the plaintiff. How it could be rendered for him, no man or Court could tell from the record.

` A great deal might be said in favor of a modification of our Law, in this regard.   This, however, is not the place to say more.

Let the judgment be affirmed.