## MARSH *v.* HIX.

1. Whether an auditor did or did not err in allowing an amendment to pleadings was of no consequence when his so doing had no material bearing upon the result of his investigations.
2. It is, under the act of December 21, 1897, amending section 5057 of the Civil Code, within the discretion of the trial judge to allow an amendment to an answer without requiring the defendant to make the affidavit by that section prescribed. There was no abuse of that discretion in the present case.
3. There was no error in striking the exceptions to the auditor's report or in making it the judgment of the court.

Argued April 25,—Decided June 4, 1900.

Exceptions to auditor's report. Before Judge Henry. Chattooga superior court. July term, 1899.

*Lumpkin & Shattuck* and *Wesley Shropshire,* for plaintiff.

*J. M. Bellah* and *Dean & Dean,* for defendant.

LUMPKIN, P. J.　In September, 1896, E. W. Marsh, being the owner of certain mines in Walker county, containing large quantities of iron ore, contracted with W. H. Hix "to raise, mine, and market said iron ore," and to pay for his services a stated salary.　It was further stipulated between the parties that, in connection with the mining operations, they would "establish and run a commissary, using, as far as possible, goods for the payment of hands for labor in mining and loading the ore on cars."　Hix being without means, Marsh was to furnish the needed capital for carrying on the commissary, while Hix was to conduct and manage the same, receiving as compensation for so doing one third of the profits derived from the business.　The mining operations and the mercantile business were both extensively carried on for a considerable period and then terminated, Hix delivering to Marsh the unsold goods left on hand in the commissary.　Subsequently the latter brought against the former an equitable petition for an account and settlement.　Hix filed an answer in its nature merely defensive, and the case was referred to an auditor.　When it came on for a hearing before him, Hix was allowed to amend his answer by setting up in general terms that a fair adjustment of the accounts would show a balance in his favor against Marsh, and praying judgment therefor.　The hearing proceeded, and the auditor made a report in favor of Hix, to which Marsh filed numerous exceptions.　In the superior court Hix was permitted to further amend his answer by alleging specifically the amount of the balance claimed by him against Marsh, it being the same as that found by the auditor.　All of Marsh's exceptions were overruled, and the auditor's report was made the judgment of the court.　Thereupon Marsh sued out a writ of error.

1. It appears that he demurred to the amendment which the auditor allowed to the answer of Hix, on the grounds (1) that it came too late, and (2) was too indefinite in its allegations.　It is entirely immaterial whether the auditor did or did not err in permitting this amendment to be made.　It in nowise af-

fected either the nature or the scope of the investigation before him or its result. He was charged with the duty of taking an account between the parties and ascertaining how they stood. This he did, and the evidence and his calculations thereon were just the same as they would have been if the answer had not been amended before him. In view of the amendment made in the superior court, the action of the auditor now under discussion had no substantial bearing upon the case.

2. But complaint is made that the superior court erred when the case came on for trial in allowing the amendment to the answer which was then offered by Hix. We think not. It was, under the act of December 21, 1897 (Acts of 1897, p. 35), amending section 5057 of the Civil Code, within the discretion of the trial judge to allow this amendment without requiring the affidavit prescribed by that section, and we are by no means prepared to say he abused his discretion in this particular instance. Allowing the amendment did not necessitate a continuance, or a re-reference of the case or the introduction of further evidence. Had any of these consequences been involved, the question of the propriety of permitting the amendment would be altogether different; but as it was, the judge very properly reached the conclusion that "the circumstances of the case" and "substantial justice between the parties" required the allowance of the amendment.

3. There was no controversy before the auditor as to the facts. While the accounts were voluminous and complicated, the figures showing the receipts and disbursements by Hix were agreed on by the parties, and the auditor's task was purely one of calculation. It affirmatively appears that he charged Hix with every cent that came into his hands and credited him with only such items as it was admitted he had actually paid out, together with the amount of his salary for conducting the mining operations and his one-third of the profits derived from the commissary. This was certainly the right basis upon which to take the account. With much painstaking we have examined the auditor's calculations and verified the results thereof as set forth in his report, and find all of the same to be absolutely correct. After careful consideration, we are unable to perceive

any merit in any of the exceptions of fact filed by the plaintiff below, and are therefore fully prepared to hold that the trial judge committed no error in striking these exceptions or in making the auditor's report the judgment of the court. We do not set forth these exceptions and discuss them in detail, for the reason that they present nothing but simple questions of arithmetic. It is not our province to deal with such questions when, as in the present instance, they involve no legal problem save to see that in the case under consideration the proper result was reached below. While it was, of course, the right of the plaintiff in error to have this court review the processes by which the auditor arrived at his conclusions, and while it would be our duty to reverse the judgment of the superior court if it committed the error of upholding the results of bad mathematics or inaccurate calculation, we do not feel called upon to fill the pages of our reports with a lengthy array of facts and figures for the purpose of demonstrating the correctness of our conclusion that no such error was committed. To do this would add no value to this case as a precedent. When we lay down a legal principle or rule of practice and sustain it by reasoning or authority, the work thus done becomes useful for future guidance, but nothing profitable would be accomplished by a tedious review of elaborate calculations made in a particular case which could have no application to any other.

*Judgment affirmed. All concurring, except Fish, J., absent.*