McCALL *et al. v.* WILKES *et al.*

CANDLER, J. 1. A defendant who has filed his plea may, after the expiration of the time within which he is allowed to plead, set up by amendment any new defense without making an affidavit that the omission of such defense from his original answer was not intended for the purpose of delay, if in the discretion of the trial judge the circumstances of the case or the ends of justice require that such amendment be allowed. Acts 1897, p. 35.

2. Where, in answer to a suit on a note, the defendants seek to set off the value of certain timber on land conveyed to them by the plaintiff by a warranty deed, alleging that as to the timber the warranty has failed, it is not a good rejoinder that the grantees had knowledge of an outstanding paramount title

to timber prior to the execution of the deed; nor is parol evidence admissible to show that it was not the intention of parties that title to the timber should pass, the deed being in the usual form of a conveyance of land with a complete warranty of title. Civil Code, § 3615.

3. The defendants in their plea of set-off having averred that the timber on the the land was worth only $3 per acre, a verdict allowing $3.25 per acre was contrary to law; but the defendants having voluntarily written off the excess over the amount claimed by them, the verdict will not be set aside because of this excessive finding.

4. It appeared beyond dispute that the plaintiffs had made a conveyance of the timber to third persons prior to the date of the note given by the defendants for the value of the land including the timber. The jury found that the warranty of title had absolutely failed as to the timber, and that the defendants were entitled to set off its value. The lowest amount at which any of the witnesses estimated the value of the timber was in excess of the principal of the note sued on; and the jury would therefore not have been authorized, in striking a balance between the parties, to allow interest from the maturity of the note.

5. There was no error assigned requiring the grant of a new trial.

　　　　　　　　　*Judgment affirmed.　All the Justices concur.*

Argued December 16, 1904. — Decided January 27, 1905.

Complaint on note. Before Judge Humphreys. City court of Moultrie. June 8, 1904.

*J. G. McCall, W. C. McCall, Y. L. Watson,* and *E. L. Bryan,* by *Z. D. Harrison,* for plaintiffs.

*J. A. Wilkes* and *Shipp & Kline,* for defendants.