CENTRAL OF GEORGIA RAILWAY CO. *v.* TANKERSLEY.

1. Where a ground of a motion for a new trial alleged that the court erred in not sustaining a motion by the defendant, made after the plaintiff had closed his evidence, to rule out all of the testimony of the plaintiff and other witnesses, "attacking the release given by him to defendant of all liability to him, on the ground of fraud in the procurement thereof, the said testimony being contained principally in various parts of the testimony of the plaintiff and of Dr. J. R. Jordan," without setting out, either literally or in substance, the evidence which it was desired to exclude or the ground which was urged for its exclusion, this presents no such assignment of error as can be dealt with by this court.
2. Where an action for damages on account of a personal injury was brought against a railway company, and the defendant in its answer pleaded a release from liability, but there was no request for the court to require further pleading on the part of the plaintiff, and evidence was admitted for the purpose of attacking the release on the ground of fraud in its procurement, there was no error in refusing to charge, that, "There being no allegations in the plaintiff's petition that the release of all damages for a valuable consideration, if you have such in evidence before you, was obtained by defendant by fraud, you will not consider the question of fraud in procuring the same, and you will find for the defendant on its plea of release from all liability."
3. The evidence was sufficient to sustain the verdict, and there was no error in overruling the motion for a new trial.

Argued February 12,—Decided August 11, 1909.

Action for damages. Before Judge Littlejohn. Schley superior court. January 8, 1908.

*E. A. Hawkins, William D. Kiddoo,* and *C. R. McCrory,* for plaintiff in error. *J. H. Cheney* and *J. A. Hixon,* contra

ATKINSON, J. Tankersley sued the Central of Georgia Railway Company to recover damages on account of a personal injury. The defendant denied liability, and also pleaded a release. No reference was made in plaintiff's petition to such release from liability. On the trial the defendant introduced a written agreement. The plaintiff introduced evidence tending to show that it was procured by fraud, and that he had tendered to the defendant the sum of money which had been paid to him at the time when it was made. No request appears to have been made for the court to require further pleading of the plaintiff on this subject. After verdict for the plaintiff a motion for a new trial was made and overruled, and the defendant excepted.

What is commonly known as the judiciary act of 1799 sought to simplify the pleadings formerly existing under the English prac-

tice. It required the plaintiff in his petition plainly and distinctly to set forth his charge, allegation, or demand, and the defendant plainly and distinctly to set forth the cause of his defense. It further declared that the petition and answer should be sufficient to carry the case to the jury, without any replication or other proceedings. Prince's Digest (ed. 1837), 420-1. See also Civil Code of 1895, §§ 4995, 5063, 5067. In *Henry* v. *Peters, 5 Ga.* 311, it was held that where the defendant pleaded the statute of limitations, and in similar cases, the plaintiff was entitled to prove new matter in avoidance of the plea, and to have the law administered in his favor upon the facts proved in regard to such plea. Nisbet, J., delivering the opinion, expressed the view that this act cut too deeply, and as a result that the real issues arising under a plea might not appear on the face of the record, so that afterward it would not be apparent whether it was determined that the necessary time prescribed by the statute of limitations had not run, or that by a confession and avoidance of that fact, as by setting up fraud, infancy, or the like, which did not appear upon the pleadings at all, the plea of the statute would not avail. Possibly to meet objections of this character, as well as to provide for cases where the defendant by set-off or cross-bill seeks affirmative relief against the plaintiff, in the uniform procedure act of 1887 (Acts 1887, p. 64) it was declared that "Pleas and answers may be demurred to as now provided by law, and if new matter is set up by the defendant, not controverting the plaintiff's petition, the plaintiff, in proper cases, may be required by the court to meet the same by appropriate written allegations." Civil Code, § 5050. In order, however, to seek to require the plaintiff to thus plead further, application must be made to the court. If none is made and the case proceeds to trial upon the petition and plea of release, evidence sustaining the plea may be met by counter evidence to show its procurement by fraud. In such event it would not be proper to charge the jury, upon request, to disregard this rebutting evidence on the ground that the plaintiff had not in his pleadings attacked the release for fraud. *Frick Co.* v. *Taylor,* 94 *Ga.* 683 (21 S. E. 713); *Beard* v. *White,* 120 *Ga.* 1018 (48 S. E. 400). The other rulings sufficiently appear from the headnotes.

*Judgment affirmed. All the Justices concur.*