### 2585.　SMITH *v.* HODGES.

POWELL, J.　1. The evidence is such as to sustain the verdict.

2. Under the practice in this State, even though the defendant files affirmative pleas, the plaintiff is not obliged to file a replication in order to introduce evidence tending to contradict or to avoid the matter set up in the pleas. The evidence admitted in this case was not objectionable on the ground that there was no pleading to authorize it. It was circumstantial in its nature, and tended to raise an inference contradictory of the matters pleaded by the defendant.

3. While a plea of total failure of consideration includes also, by implication, partial failure of consideration, to the extent that, where the proof so authorizes, the jury may diminish the plaintiff's demand, rather than disallow it entirely, still the exception made in the present case as to the judge's charge on this subject is not well taken. The court correctly charged the jury that the defendant's plea was a plea of total failure of consideration on account of the breach of warranty asserted, but he also told them that if they should find that the defendant was entitled to anything off the purchase-price, on account of the breach of warranty, they were to arrive at the amount to be allowed in abatement of the purchase-price by calculating the difference between the value of the thing purchased, if it had come up to the warranty, and what its value was with such defects as were found to exist in it, so far as they were covered by the warranty.　　　　*Judgment affirmed.*

DECIDED FEBRUARY 15, 1911.

Complaint; from city court of Sandersville—Judge E. W. Jordan. February 19, 1910.

*Evans & Evans, T. W. Evans,* for plaintiff in error.

*W. E. Armistead,* contra.