### 5406.  DeVaughn *v.* Rothschild & Company.

Russell, C. J.  1. The final judgment rendered being the inevitable consequence of the court's antecedent rulings, to which proper exceptions were taken, the concluding statement of the bill of exceptions that "defendant hereby assigns error upon the judgment striking the answer therein and the rendering the judgment against the defendant" is sufficient to give this court jurisdiction. Civil Code, § 6183. Under the ruling in *Lyndon* v. *Georgia Ry. & Electric Co.,* 129 *Ga.* 354 (58 S. E. 1047), a general exception to the final judgment would have sufficed in the present case, since the rulings preceding the final judgment were specifically made the subject of exception and of proper assignments of error.

2. It appearing from the answer of the defendant that the alleged accor and satisfaction was devoid of consideration, and therefore nudum

pactum, the alleged settlement, under which it was contended that the defendant was released from individual liability, was unenforceable.

3. The court did not err in striking the answer of the defendant; and since it does not appear that there was any demand for a jury trial, it was not error for the court thereafter to enter judgment in favor of the plaintiff.

4. After mature consideration the motion to award damages for delay, under the provisions of section 6213 of the Civil Code, is denied.

*Judgment affirmed. Roan, J., absent.*
DECIDED JUNE 22, 1914.

Complaint; from city court of Oglethorpe—Judge Greer. November 18, 1913.

*Jere M. Moore,* for plaintiff in error.
*John B. Guerry, Little, Powell, Hooper & Goldstein,* contra.