## 7770. INTERNATIONAL HARVESTER COMPANY OF AMERICA v. MORGAN et al.

On the trial of a suit on an unconditional promissory note which recites as its consideration the purchase of described personal property, but which does not purport to integrate the terms of sale in pursuance of which the note was given, a prior written agreement of the parties, governing the terms of the sale, is admissible to rebut a plea setting up the breach of a verbal warranty, even though the written agreement be not set forth in the plaintiff's pleadings.
DECIDED APRIL 9, 1917.

Complaint; from city court of Springfield—Judge Shearouse. March 13, 1916.

*H. P. Cobb,* for plaintiff in error. *Paul E. Seabrook,* contra.

JENKINS, J. The International Harvester Company of America brought suit in the city court of Springfield against E. G. Morgan, as maker, and U. L. Elzey, as guarantor, on three promissory notes for the purchase-price of one two-roll Deering shredder, specified in the notes. The answer of the defendants admitted the execution and delivery of the notes sued on, and that the plaintiff was entitled to recover as prayed, unless the defendants should sustain the defenses therein set forth, which were as follows: (1) That the notes represented the price of a shredder sold by the plaintiff to the defendant Morgan, and that when this machine

"was sold to defendant it was specially warranted by plaintiff to be well made and of good material, and to successfully perform the work for which it was designed, and especially the work which defendant then and there had in view, concerning which plaintiff was duly informed." (2) That the defendant was unfamiliar with shredders, as plaintiff knew, and in making the purchase relied wholly upon these representations. (3) That the machine failed to work. (4) That Morgan could not shred his crop, which he had gathered relying on these representations, nor could he procure another shredder, and thereby was damaged in the sum of $181. Upon the trial of the case the plaintiff introduced in evidence the notes sued on, and closed. On behalf of the defendants E. G. Morgan testified as follows: He bought the shredder in the spring of 1912 from the Harvester Company. "U. L. Elzey was the local agent at Clyo of this concern, but another man came down representing them, a Mr. Satterwhite." Satterwhite recommended and warranted that the machine would do good work and shred the crop. Morgan was induced to buy by reason of these representations, and, relying on them, cut his crop. He told the agent he had no experience with a shredder. The machine did not shred, and the stuff came out in such large chunks as to be of no value for food. Morgan could get no other shredder and was obliged to use this machine, and consequently lost 60% of his crop. On cross-examination the witness testified: "I also signed the order for the machine dated the 12th day of April, 1912, on which Mr. Elzey placed his name. The machine was a total failure, and I have not used it since, but have it on hand yet, have never returned it." U. L. Elzey testified: "I am one of the defendants in this case and was the local agent for the International Harvester Company at Clyo and in this county. I am familiar with this transaction and it is just as Mr. Morgan has stated. The machine does not do the proper work. . . That order for machine was signed by E. G. Morgan, and that is my signature near the bottom."

The plaintiff, in rebuttal, offered in evidence the following order and warranty, which had been signed about a month prior to the execution of the notes:

"Order for machine. To U. L. Elzey, Town Clyo, State Ga., twp. Clyo, County Effingham, State of Georgia, hereby orders subject to your approval and to all conditions of agreement and

warranty printed on the back hereof, to be shipped to E. G. Morgan, Clyo, on or about May 1, 1912, one two-roll shredder, complete. Upon delivery of the machine the undersigned agrees to pay you $210.00 cash and execute and deliver to you approved notes as follows: $70.00 payable on first of Nov. 1913, $70.00 payable on first of Nov. 1914, f. o. b. Clyo. Said notes to draw interest at the rate of 7 per cent. per annum from date of installation until maturity, and 8 per cent. per annum from maturity until paid.                              [Signed] E. G. Morgan."

"Order dated the 12th day of April, 1912. Approved at———— April 13, 1912, by U. L. Elzey. Order taken by E. W. Satterwhite. Give each purchaser a duplicate of this order."

On the back appears the following: "Warranty and agreement: The vendor hereby warrants the machine herein ordered to be well made, of good material, durable with proper care, and when properly operated to perform successfully the work for which it is designed. If, within one year from date of purchase, a part proves defective, the new part to replace defective one will be furnished at factory, on receipt of part showing defect. Keeping and continuing to use the machine without giving any notice of an alleged defect, or if defect has been remedied, shall constitute an unconditional acceptance of the machine and operate as full satisfaction of the warranty herein given. If upon trial with proper care the machine fails to work properly, the purchaser shall immediately give written notice to the vendor, stating wherein the machine fails, shall allow reasonable time for a competent man to be sent to put it in good order, and render necessary and friendly assistance to operate it. If the machine can not then be made to work well, the purchaser shall immediately return it to said vendor, and the price shall be refunded, which shall constitute a settlement in full of the transaction. This express warranty excludes all implied warranties, and none has authority to change or modify this warranty and agreement. This order is not subject to countermand, and the receipt of a copy of the entire agreement is hereby acknowledged by the purchaser. It is expressly agreed that the title to the property herein ordered shall not pass to the purchaser until full payment therefor shall have been made, whether notes have been given for the purchase-price thereof or not."

This order and warranty, when offered in evidence, was excluded by the court, on objection. Counsel for the plaintiff then asked that the testimony of the defendants in regard to the statements and representations of the salesman at the time and prior to the purchase of the machine be ruled out; and this motion was overruled. The jury found against the plaintiff, and returned a verdict in favor of the defendant Morgan, for $100, and judgment was entered accordingly. A motion for a new trial having been refused, error is assigned thereon.

It is the contention of counsel for the plaintiff that the court erred, (1) in excluding from evidence the order given for the purchase of the shredder, containing the express warranty governing the sale, and (2) in allowing the defendants to introduce testimony showing an express verbal warranty of the machine at the time of its purchase. The suit was one, in simple form on promissory notes which were unconditional and unambiguous. Neither the original petition nor any amendment offered makes any reference to the other written contract or agreement between the parties, containing the express and limited warranty. The defendants' plea admitted the execution of the notes, pleaded failure of consideration, and sought affirmative relief against the plaintiff; and it is contended by the defendants that the warranty as limited by the written instrument, not having been originally set forth in the petition, nor having been pleaded, by amendment after the filing of the defendants' answer, was properly excluded from the evidence. It is rightly conceded by the defendants that where, in the sale of machinery, there is an express warranty as to quality, and by the terms of the warranty liability of the seller is predicated upon conditions which must be performed by the buyer, the seller will not be held liable on the warranty thus limited, unless the buyer complies with the conditions therein set forth. See *International Harvester Co.* v. *Dillon*, 126 *Ga.* 672, 675 (55 S. E. 1034); *Brooks Lumber Co.* v. *Case &c. Co.*, 136 *Ga.* 754, 755 (72 S. E. 40); *McCormick Harvesting Machine Co.* v. *Allison*, 116 *Ga.* 445 (42 S. E. 778); *Case Threshing Machine Co.* v. *Cook*, 7 *Ga. App.* 631, 635 (57 S. E. 890). It is now settled in this State that the maker of a promissory note, which recites that its consideration is the purchase of described personal property, but does not purport to integrate the sale contract, may, in defense to a suit on

the note by the seller, plead as failure of consideration a breach
of a contemporaneous oral warranty. In a clear and convincing
discussion of this question by Presiding Justice Evans in the case
of *Pryor* v. *Ludden & Bates So. Music House,* 134 *Ga.* 288 (67
S. E. 654, 28 L. R. A. (N. S.) 267), the following language is
used: "The essential thing to be ascertained in a suit upon a
promissory note given for a particularly described chattel, in or-
der to exclude parol evidence, is whether or not it varies the terms
of the note, or, if the agreement has been integrated in the note,
whether it varies the terms of the contract as expressed in the
note. Ordinarily a promissory note given for the purchase-price
of an article is intended to contain only the obligation of the
vendee, and the obligation is to pay the vendor a definite sum of
money at a definite time. The vendor's obligation has no place
in a purely negotiable instrument given by the vendee; and in a
suit upon a promissory note given for the price of personal prop-
erty, which does not purport to disclose the contract of sale, evi-
dence of parol warranty of the property and a breach of the war-
ranty is admissible." See *Bond* v. *Perrin,* 145 *Ga.* 200 (88 S. E.
954), s. c. 18 *Ga. App.* 179 (89 S. E. 79). Therefore, omit-
ting for the moment any consideration of the effect of the
written warranty proffered by plaintiff, there can be no ques-
tion but that the defendant would have the right to set up
and prove the express verbal warranty relied upon by him. See
also *Toller* v. *Hewitt,* 12 *Ga. App.* 496 (77 S. E. 650). In the
instant case the plaintiff undertakes to disprove the terms of an al-
leged verbal warranty, by putting in evidence, without pleading it,
a written, though not contemporaneous, agreement, governing the
warranty, and which, according to the evidence, relates to and
constitutes a part of the contract of sale.

It is clear that the notes sued upon, being complete and uncon-
ditional in form, were sufficient in themselves to form the basis
of a suit; but whether, upon the filing of the defendants' plea ad-
mitting liability subject to the defense set up therein, in which
also affirmative relief was sought against the plaintiff, it became
necessarily incumbent upon the plaintiff to plead the terms of the
written warranty, relied upon by it as a part of the contract of
sale, is a question which to our minds is not altogether without
difficulty, and is one upon which we have been unable to find di-

rect and positive authority in any decision in this State. Under our rules of pleading, no replication is required. Civil Code (1910), § 5651. Special pleading in this State was at an early date abolished; and as was stated by Judge Powell, in the case of *Smith* v. *Hodges,* 8 *Ga. App.* 785 (70 S. E. 195), "Under the practice in this State, even though the defendant files affirmative pleas, the plaintiff is not obliged to file a replication in order to introduce evidence tending to contradict or to avoid the matter set up in the pleading." It was stated in the case of *Tifton, Thomasville & Gulf Ry. Co.* v. *Butler,* 4 *Ga. App.* 191 (60 S. E. 1087), that "Evidence which tends to establish any part of the plaintiff's case, or to dispute any of the defenses thereto, is admissible as against the objection that it is irrelevant." When a complete cause of action is set forth by the pleadings, it is not ordinarily necessary that the plaintiff shall therein anticipate and avoid defenses. *Horton* v. *Murden,* 117 *Ga.* 72 (43 S. E. 786); *Moss* v. *Chappell,* 126 *Ga.* 196 (54 S. E. 968). Even in criminal cases this doctrine has been recognized. *Blocker* v. *State,* 12 *Ga. App.* 81 (76 S. E. 784). But in the instant case the evidence offered by the plaintiff to dispute the defense set up can be relevant only upon the theory that the written order constitutes a part of the contract itself; and it is contended that because the order is not pleaded, it can not be admitted for the purpose of proving it as a part of the contract. In support of this contention counsel for the defendants cites the case of *Beasley* v. *Huyett & Smith Mfg. Co.,* 92 *Ga.* 273 (18 S. E. 420), which is in some respects very similar to the instant case. There, in a suit upon a note, an unpleaded written contract appears to have been introduced by the plaintiff, without objection, which contract contained stipulations of warranty, including those requiring notice to plaintiff of defects. In the second headnote of the decision in that case it is said: "A plea alleging a partial failure of consideration on account of defects in the engine and piping . . is no defense, the plea not alleging that any written notice of these facts had been given, and no point being made that the written contract introduced by the plaintiff in evidence, which contract contained the warranty and the stipulations in regard thereto, was not set out in the plaintiff's pleadings. Had this point been made, that contract, although in evidence, could not have been considered upon a motion

to strike the plea." In the opinion Chief Justice Bleckley, speaking for the court, said: "The plea of partial failure of consideration, not alleging that any written notice was given of the defects therein mentioned, was no defense to the action, testing it by the contract containing the warranty which was in evidence. No point seems to have been made that it would not be so tested for the reason that the contract was not set out in the declaration. Had this point been made, of course the declaration alone could have been regarded in testing the plea on motion to strike it." It will be seen that the question actually involved in the instant case was not under consideration by the court when the opinion from which we have just quoted was written. In that case the intimation now relied upon by the defendants in the case was based upon the opinion stated as to what would have been sufficient as a plea when weighed in the light of the allegations contained in the petition. Thus the court in that case intimated that when called upon so to do, the validity of the answer must be weighed and considered solely in the light of the petition to which it is responsive. The admissibility of testimony was not the question with which the court was in fact dealing.

The case of *International Harvester Co.* v. *Dillon,* supra, was a suit upon notes, and presented a like defense under a contract of sale identical in the contract in the case at bar; and while the rule therein announced, as already indicated, effectively disposes of the right to plead a breach of warranty unless the terms and provisions of the warranty are substantially complied with on the part of the defendant, still that case, as reported, does not disclose, nor does the original record therein disclose, that objection was made to the introduction of the order containing the expressly limited warranty. It may be remarked, however, that nowhere in the opinion rendered in that case is it intimated that if a timely objection had been urged to the introduction of the order, the decision rendered might have been different. In *Case Threshing Machine Co.* v. *Cook,* supra, we find no light upon the exact point raised, it not being indicated there whether the order was declared upon, or whether any objection was made to its introduction.

By section 5789 of the Civil Code of 1910 it is provided that all contemporaneous writings are admissible to explain each other; and it is not there intimated that in order for such to be admitted

in evidence, even though they may govern and control the contract, they must be pleaded in the plaintiff's petition. While the order for the purchase in the instant case was given prior to the time the note sued on was signed, still, being given in the same transaction and therefore constituting a part of the contract of sale, we can not think that the rule announced by Justice Evans in *Pryor* v. *Ludden & Bates Southern Music House,* supra, which would admit parol evidence of an express warranty in defense to a suit on a note, would exclude a prior written contract expressly governing the terms and stipulations of the warranty agreed upon, where, as in this case, such terms are not integrated within the note itself. In the case of *Marietta Savings Bank* v. *Janes,* 66 *Ga.* 286, it was held: "Where a promissory note did not express within itself the entire contract between the parties, but the remainder thereof was contained in letters written by them in connection with the making of the note, such letters were admissible in evidence, in a suit between the maker and the one who took the note after maturity;" and while in that case it in fact appears that the contents of these letters were substantially set forth in the petition, still the ruling just stated has been quoted and unqualifiedly approved by the Supreme Court in *Byrd* v. *Campbell Printing Press &c. Co.,* 94 *Ga.* 41, 49 (20 S. E. 253), and in *McCreary* v. *Gewinner,* 103 *Ga.* 528, 532 (29 S. E. 960). See also *Martin* v. *Monroe,* 107 *Ga.* 330, 333 (33 S. E. 62). Section 4268 (1) of the Civil Code of 1910 provides that "if a part of a contract only is reduced to writing (such as a note given in pursuance of a contract), and it is manifest that the writing was not intended to speak the whole contract, then parol evidence is admissible." It is not there required that the part of the contract not embraced within the terms of the note must be specially pleaded. The law, by this code section, simply directs that parol evidence shall be allowed to make complete the terms of such an incomplete agreement. If, then, the evidence necessary to speak the entire terms of a contract which are evidenced in part by a note given in pursuance thereof be in writing, should such evidence on that account be excluded? We think not. Rather is it our opinion that such written testimony, being of a higher character than evidence by parol, would not only be proper, but that when so admitted the terms of such instrument must govern to the exclusion of parol

testimony which would seek to vary or contradict it. Civil Code (1910), § 5752.

We are therefore of the opinion that the court erred in excluding the evidence embraced in the order of purchase, and that the plaintiff is accordingly entitled to a new trial under his motion as made.

*Judgment reversed. Broyles, P. J., and Bloodworth, J., concur.*