21822. METROPOLITAN LIFE INSURANCE COMPANY v. HALE, administrator.

JENKINS, P. J. 1. Under the answers of the Supreme Court to questions certified to it herein, the court did not err in overruling the defendant insurance company's motion for a new trial, based upon the general grounds and upon the ground that the court erred in directing a verdict in favor of the plaintiff administrator for the face amount of the life-insurance policy sued upon, with interest. *Metropolitan Life Ins. Co. v. Hale*, 177 *Ga.* 632 (170 S. E. —). While the evidence was conflicting as to whether the agent of the company soliciting the insurance had actual knowledge of the previous kidney condition and treatment of the deceased insured, it demanded a finding for the plaintiff as to such knowledge by the company's physician.

2. "The petition and answer shall be sufficient to carry the cause to the jury without any replication or other course of proceeding." Civil Code (1910), §§ 5651, 5647, 5573. "Under the practice in this State, even though the defendant files affirmative pleas, the plaintiff is not obliged to file a replication in order to introduce evidence tending to contradict or to avoid the matter set up in the pleading." *Smith* v. *Hodges*, 8 *Ga. App.* 785 (70 S. E. 195). "When a complete cause of action is set forth by the pleadings, it is not ordinarily necessary that the plaintiff shall therein anticipate and avoid defenses." *International Harvester Co.* v. *Morgan*, 19 *Ga. App.* 716, 721 (92 S. E. 35). An exception to these rules exists under code section 5633, that "if new matter is set up by the defendant not controverting the plaintiff's petition, the plaintiff, in proper cases, may be required by the court to meet the same by appropriate written pleadings." But in such a case, application must be made to the court, and if none is made and the case proceeds to trial upon the petition and plea, evidence sustaining the plea may be met by counter-evidence attacking the special matter set forth in the plea. *Central of Ga. Ry. Co.* v. *Tankersley*, 133 *Ga.* 153, 154 (65 S. E. 367). "Although the pleadings may not present the whole issue, yet if it be fully made by the evidence without objection, it is too late, after verdict, for the losing party to make that the ground of a motion for a new trial." *Biddy* v. *Peoples Bank*, 29 *Ga. App.* 580 (2) (116 S. E. 222).

3. The grant or refusal of a continuance of a case rests in the sound legal discretion of the trial court, and a refusal will not be disturbed unless an abuse of such discretion is shown. Civil Code, § 5724; *Horton* v. *Stone*, 158 *Ga.* 499 (123 S. E. 862). Due diligence by the party making the application must be shown. Civil Code, § 5721. And where a continuance is sought because of the absence of a witness, it must be shown, among other requirements, that the witness has been subpœnaed, and the facts expected to be proved by such witness must be stated. Civil Code, § 5715.

4. Under the principles stated in the preceding 2d and 3d paragraphs, the record does not show an abuse of discretion by the court in denying the defendant company's motion for a continuance of the case from a late hour on the day of hearing to the morning of the second day thereafter, upon the grounds that, in rebutting testimony of the defendant in support of special matter in its plea that the insured was suffering from a kidney ailment and had received medical treatment prior to the issuance of the policy and contrary to its conditions, the plaintiff had introduced evidence tending to show a waiver or estoppel by the company, from actual knowledge imparted by the insured to the company's physician and agent, that the plaintiff had failed to plead such facts, and that the defendant needed the presence of the physician to reply to such evidence. It was not necessary for the plaintiff—certainly in the absence of a previous application to and order of the court—to plead its evidence in attacking the special defense. The evidence was admitted without objection. No good reason appears why the doctor was not subpœnaed, or the exigencies of the case were not anticipated by his presence. Any surprise to the defendant from the plaintiff's proof was no more than accompanies unexpected developments in the testimony of the adversary at any trial.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED SEPTEMBER 30, 1933.

*Barry Wright,* for plaintiff in error.
*Henderson L. Lanham,* contra.