JULIAN C. TRUPIN, Respondent, v. D. M. W. CONTRACTING Co., INC., Appellant.

First Department, May 17, 1940.

*Max E. Greenberg*, for the appellant.

*Harry Kalman*, for the respondent.

Dore, J. Defendant appeals from so much of an order of Special Term as denies defendant's motion to dismiss plaintiff's second and third causes of action on the ground there is an existing final judgment of a court of competent jurisdiction rendered on the merits determining the same causes of action between the parties. (Rules Civ. Prac. rule 107, subd. 5.)

The litigation arises out of a subcontract which the plaintiff's assignors (hereinafter designated "plaintiff") had with the defendant in connection with required masonry work in the construction of buildings for the Federal government at Fort Benning, Ga. Defendant was general contractor, plaintiff subcontractor for the masonry work required pursuant to the contract between defendant and the United States of America. During construction, differences arose with respect to the type of interlocking tile that plaintiff was required to furnish under a ruling made by the construction quartermaster, whose interpretation of the plans by provision of the construction contract was final and conclusive. Plaintiff contended that it had performed extra work of the value of $32,507 and complained also of delay in performance of the contract to plaintiff's damage.

Concededly, on June 29, 1934, plaintiff and defendant executed an agreement under the terms of which the parties adjusted and settled their claims and each party thereto waived "any claim to damage against the other by reason of any controversies between them and up to the date hereof," except that if at the conclusion of the whole work one Kalman (plaintiff's lawyer) considered that a valid claim could be made against the government because of the rejection of a certain type of tile, defendant would permit, at plaintiff's expense, the claim to be presented in defendant's name.

After the construction work was completed, plaintiff intervened in a suit against defendant in the United States District Court

for the Middle District of Georgia, making claims for extra work and delay during the construction in connection with the masonry subcontract, alleging a cause of action substantially identical with the first cause of action herein alleged. Defendant appeared and answered in the Georgia action and after interposing denials pleaded as a defense that substantially all the amount claimed for additional work and materials arose out of rejection by the United States government of the type of tile plaintiff proposed to use; that a controversy arose between plaintiff and defendant with respect to the rejection of that tile, and that the parties entered into the contract of release of June 29, 1934, and pleaded such contract as a defense to the Georgia action.

On the papers before this court there can be no dispute that Georgia law allows proof of fraud or breach in avoidance of a defense of release or waiver without further pleading. (*Western & Atlantic R. R. Co.* v. *Atkins*, 141 Ga. 743; 82 S. E. 139; *Central of Georgia R. Co.* v. *Tankersley*, 133 Ga. 153, 154; 65 S. E. 367.) It is also undisputed that under Georgia law a judgment of a court of competent jurisdiction is conclusive between the same parties or their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until such judgment shall be reversed or set aside. (Ga. Code Ann. [Park, et al., 1935] tit. 110, § 110–501, Conclusiveness of judgments.)

As indicated above, the contract of release between the parties dated June 29, 1934, was put in issue, having been expressly pleaded by defendant as a defense to plaintiff's claims in that prior action. Accordingly the issues of fraud in its inducement and breach by defendant were issues within the pleadings and were decided adversely to plaintiff by the prior decision of the Federal court in Georgia.

Pursuant to Federal practice in that action an auditor was appointed by the court " to hear the parties on all questions of law and fact and to state and report his findings of law and facts." After conducting hearings, the auditor filed a lengthy report which included his findings and decision. He found *inter alia* that defendant did not prevent plaintiff from using a different type of tile than the " T " tile originally approved by the construction quartermaster, but that this was prevented solely by the construction quartermaster to whom was delegated the authority to interpret the specifications and whose ruling with respect thereto was final and conclusive; that the second period of delay complained of by plaintiff arose because of the refusal of the manufacturer of the tile to make further deliveries, and this refusal resulted entirely

from plaintiff's failure to meet his bills when due. The auditor further found that under the contract between plaintiff and defendant dated June 29, 1934, " each party thereto ' waived any claim for damage against the other by reason of any controversies between them and up to the date thereof;' " he concluded " that under this provision of the contract intervenors [plaintiff's assignors] were barred and estopped from claiming any damage for the delay, however caused, arising prior to June 29, 1934.''

As a matter of fact, uncontradicted excerpts from the record in the prior action disclose that on the hearings before the auditor plaintiff gave evidence that the execution of the agreement of June 29, 1934, was induced by defendant's fraud in representing defendant had taken proper appeals to the War Department from the final decision of the construction quartermaster rejecting the use of the tile offered by plaintiff in substitution of the prescribed " T " interlocking tile; and plaintiff also gave testimony in an attempt to avoid the effect of the agreement of release, claiming defendant had breached that agreement in that defendant waived its claim against the government by taking action inconsistent with the preservation of its rights thereunder.

In spite of this prior litigation between the same parties on the identical subject-matter, the complaint herein sets forth three causes of action claiming damages arising out of the same transaction. The first cause of action for extra work and delay is identical with the cause of action plaintiff had pleaded in the prior Georgia action. The Special Term properly held that the prior adjudication was a complete bar to plaintiff's first cause of action, and plaintiff does not appeal.

The second cause of action seeks to recover damages for fraud in inducing plaintiff to enter the agreement of June 29, 1934, by which each party waived any claims to damages against the other. The third cause of action is for damages for defendant's alleged breach of that agreement. The Special Term denied defendant's motion to dismiss the second and third causes of action. We think the ruling was error and should be reversed.

As between parties and their privies the estoppel of a former judgment is conclusive not only as to every material matter within the issues which was expressly litigated and determined, but also as to any that might have been so litigated, when the causes of action have such measure of identity that a different judgment in the second action would impair or destroy rights and interests established in the first. (*Reich* v. *Cochran*, 151 N. Y. 122 [1896]; *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 id. 304 [1929]; *Cauldwell-Wingate Co.* v. *City of New York*, 252 App. Div. 559 [First Dept. 1937]; affd., 278 N. Y. 477, without opinion [1938].)

In *Cauldwell-Wingate Co.* v. *City of New York (supra)* plaintiff had previously sued to recover for extra work performed on a construction project and a defense was interposed pleading release by reason of the acceptance of the final payment under the contract, which provided that such acceptance would constitute a release. That defense was held valid. Plaintiff then instituted a second action to set aside the release on the ground of mistake. Defendant's motion to dismiss the complaint in the second action was granted. This court (per UNTERMYER, J.) held: " When the defendant by its answer in the previous action set up the final payment as a complete defense, the plaintiff was afforded the opportunity to litigate every issue affecting that defense which could be asserted either ' by traverse or avoidance ' as circumstances might require. (Civ. Prac. Act, § 243.) All issues litigated in that action pertaining to the effect of the final payment on the plaintiff's right to damages for breach of contract, or which, though not litigated, could have been asserted then (*Reich* v. *Cochran,* 151 N. Y. 122; *Jordan* v. *Van Epps,* 85 id. 427; *Pray* v. *Hegeman,* 98 id. 351), are *res adjudicata* between the parties for all future time."

Special Term has held that plaintiff was not required to litigate in the Georgia action the claims arising from the June, 1934, agreement but had the right to disregard it and sue on his claim for extras and delay. But this loses sight of the fact that the waiver or release was pleaded as a defense in that action and, therefore, plaintiff, no matter on what theory the complaint was framed, could no longer disregard it and had no choice but to litigate the question of the release interposed by showing it was not effective either by reason of mistake, misrepresentation or fraud, or by reason of defendant's breach. Special Term relied on *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.* (250 N. Y. 304) and held that plaintiff's recovery in this action would not impair the rights accrued to defendant by the Georgia judgment. But the damage which plaintiff here claims by reason of the alleged fraud in inducing the agreement of June 29, 1934, or through breach thereof, is plaintiff's loss resulting from inability to press the alleged claim against the government, and the findings in the prior action establish that there is no possibility of a good cause of action against the government by reason of the rejection of the tile offered by plaintiff.

In the *Schuylkill* case *(supra)* an agreement was in issue in a prior action and a subsequent action was brought to reform the instrument. It was properly held that the prior action which determined only the meaning of the instrument was not *res judicata* in an action to reform it.

The claims asserted in the second and third causes of action that the release of June 29, 1934, has no legal effect because of defendant's fraud in its inducement and defendant's breach of its terms were in issue and litigated in the prior Georgia action. Plaintiff has had his day in court with full opportunity to litigate all issues pertaining to the validity of the release. In the prior action the release was held valid and given full effect. It is immaterial that it is not mentioned in the Georgia judgment as the district judge considered only the exceptions filed to the auditor's report and none of these raised any question as to the plaintiff's right to attempt to avoid the agreement of June 29, 1934, by proof either of breach of the agreement by defendant or of fraud in its inducement. That agreement was not merely incidentally considered in the trial before the auditor; it was specifically pleaded as a defense and definitely sustained as such in the auditor's findings. It is impossible for plaintiff to recover on the second and third causes of action herein except by disregarding the material facts judicially found and adjudged in the prior Georgia action.

The order, so far as appealed from, should be reversed, with twenty dollars costs and disbursements, and defendant's motion to dismiss the second and third causes of action granted.

MARTIN, P. J., O'MALLEY, GLENNON and UNTERMYER, JJ., concur.

Order, so far as appealed from, unanimously reversed, with twenty dollars costs and disbursements, and the motion to dismiss the second and third causes of action granted.