30412. HERRINGTON *v.* HERRINGTON *et al.*

*George & John L. Westmoreland, Bond Almand,* for plaintiff.

*H. A. Allen, Vaux Owen, Ivan F. Parrigin,* for defendants.

SUTTON, P. J. Mrs. Annie Lee Herrington sued Roger G. Herrington on a promissory note. She alleged that the defendant was an incompetent, and that George W. Willingham was his guardian; that Willingham was a resident of Fulton County, and also that the defendant's legal residence was Fulton County, as that was his residence when he was declared an incompetent; that the defendant owned certain real estate located in Fulton County, and was indebted to the plaintiff in the sum of $1100, besides interest, on a certain promissory note, dated October 1, 1923, due on demand, and providing for interest from date at 8% per annum. A copy was attached to the petition as an exhibit. The defendant answered through his guardian, denying the alleged indebtedness, and set up that, if he signed the note, which was neither admitted nor denied, it was a mere nudum pactum and was given without any consideration. For further plea he alleged that on June 14, 1940, the plaintiff released him from all liability on the note sued on by a written release, a copy of which was attached to the answer as an exhibit. The answer further alleged that under the Federal statutes the money received by the defendant as compensation from the United States was exempt from the operation of any judgment. A guardian ad litem was duly appointed and served, and he filed an answer.

On February 5, 1943, Jesse S. Hall, who had succeeded Willingham as guardian of the defendant, filed an amendment to the answer, in which he set up that the defendant was first declared in-

competent by the court of ordinary of Fulton County on July 3, 1924, and Pat C. Herrington was at that time appointed his guardian; that Herrington acted as guardian until December 6, 1932, when he resigned, and Mrs. Rose Williamson Herrington was appointed guardian; that she served until July 11, 1940, when she resigned, and George W. Willingham was appointed, and that Willingham served until September 10, 1942, when he resigned, and Jesse S. Hall was appointed guardian of the defendant's person and property; that the cause of action sued on accrued more than ten years before the suit was filed, and that more than ten years had elapsed between the date the defendant was declared non compos mentis and the filing of the suit; that any cause of action which the plaintiff might have had was barred by the statute of limitations, since more than ten years had elapsed between the accrual of the cause of action and the filing of the suit. The plaintiff demurred to this amendment on the ground that its allegations were not germane or material, as the suit was against Roger G. Herrington, incompetent, as defendant, and not against his guardian, and that no relief was sought against the guardian as such, but only against the estate of the defendant in the hands of such guardian. The court overruled the demurrer, and the plaintiff excepted pendente lite.

The defendant further amended by setting out that he was non compos mentis on October 1, 1923, and not capable of understanding the nature and consequences of his acts, and that even if he did sign the note, he did so at a time when he was mentally incapable of making a contract. This amendment was not verified. The plaintiff's demurrer to the amendment on the ground that it was not verified, and for this reason not properly allowed, was overruled, and the plaintiff excepted pendente lite to this ruling. Vaux Owen, as representative of the Administrator of Veterans' Affairs, was allowed to intervene, and was made a party to the action.

On the trial, the execution of the note was proved by a brother of the defendant, who testified that he drew the note, and that the defendant signed it. The plaintiff introduced this note in evidence.

The defendant introduced in evidence the release pleaded by the defendant in his answer, the material portions of which are as follows: "Georgia, Fulton County. For value received, we and

each of us, jointly and severally hereby release, settle, and quit-claim any and all claims of every nature whatsoever which we may have against Mrs. Rose Herrington both individually and as guardian of Roger Herrington, incompetent, and the said Roger Herrington, both or either of them. We jointly and severally affirm that we have no claim of any nature against either of the above-named parties, either individually or in their official capacity. . . Without limiting the foregoing, the undersigned, Mrs. Annie Lee Herrington, affirms that there is a certain note signed by Roger Herrington made payable to her, and also certain checks signed by Rose Herrington made payable to the said Roger Herrington. . . The said Mrs. Annie Lee Herrington hereby states that she is not due any money on either the note or the said checks and hereby quitclaims any cause of action she might have on any of them. . . It is, therefore, the declared purpose of this instrument to forever settle and terminate all disputes between the various parties. . . Witness our hands and seals, this 14 day of June, 1940. Mrs. Annie Lee Herrington (LS), Sig. Herrington (LS), divorce case except as to fee due, Pat C. Herrington (LS)."

A doctor from the Veterans' Administration testified that he was a physician and psychiatrist; but that he had not examined the defendant and knew nothing about his condition of his own independent knowledge. Pat Herrington testified on redirect examination that he executed the release; that he negotiated with Mr. Pearce, the attorney for Mrs. Rose Herrington, and that Mrs. Rose Herrington was at that time guardian of the defendant.

On motion of the defendant, the court directed a verdict for the defendant. The plaintiff filed a motion for a new trial, which she amended, and the exception here is to the judgments overruling the plaintiff's demurrers to the amendments to the defendant's answer, and to the judgment overruling the motion for a new trial.

■ The court erred in overruling the plaintiff's demurrer to the amendment of the defendant's answer, setting up against the plaintiff's claim the statute of limitations prescribed by the Code, § 3-709. The provisions of this section refer to actions by beneficiaries of an estate, and do not apply to actions by creditors or others holding claims against the estate. *Murray* v. *Baldwin,* 69 *Ga. App.* 473 (26 S. E. 2d, 133), and cit. Since the case is being reversed, the contention of the defendant that any ruling on this

demurrer was cured by the verdict directed by the court, on the theory that the release signed by the plaintiff on July 14, 1940, was an accord and satisfaction of the note sued on, is without merit

■ The court did not err in overruling the plaintiff's demurrer to the amendment to the defendant's answer on the ground that the amendment was not verified. Under the provisions of the Code, § 81-1310, when "in the discretion of the court the circumstances of the case or substantial justice between the parties require that such amendment shall be allowed without attaching such affidavit," the court may allow the amendment without the affidavit. Under the facts and circumstances of the present action, which was being defended by a recently appointed guardian for an incompetent not present or within the jurisdiction of the court, we can not say that the allowance of the amendment without the affidavit was an abuse of discretion. In this connection, see *Marsh* v. *Hix,* 110 *Ga.* 888 (2) (36 S. E. 230); *McCall* v. *Wilkes,* 121 *Ga.* 722 (49 S. E. 722); *Roberson* v. *Weaver,* 145 *Ga.* 626 (2) (89 S. E. 769); *Terrell County* v. *Dawson,* 172 *Ga.* 403 (158 S. E. 47). The cases cited by the plaintiff in error, to wit, *Bass Dry Goods Co.* v. *Granite City Mfg. Co.,* 119 *Ga.* 124 (45 S. E. 980), and *Copeland* v. *McClelland,* 12 *Ga. App.* 785 (78 S. E. 479), are distinguishable on their facts from the present case. In *Bass Dry Goods Co.* v. *Granite City Mfg. Co.,* the defendant was present in court and no reason was assigned why he should not make the affidavit required by the statute; and in *Copeland* v. *McClelland,* an affidavit was attached to the amendment, which was held to be a substantial compliance with the provisions of the statute.

■ Special grounds 4, 5, 6, and 7 of the motion for new trial assign error on the refusal to allow the plaintiff to introduce evidence to explain what was meant by the consideration "for value received," expressed in the release of July 14, 1940, or to show that the release was in fact executed without any valid consideration therefor and was nudum pactum, or that there had been a partial or total failure of consideration. The defendant contended that the evidence offered by the plaintiff was in part irrelevant and immaterial, and was an attempt to vary by parol evidence the terms of a written contract. Pat Herrington, a witness for the plaintiff, offered to testify that he was a party to the agreement along with

the plaintiff and Sig. Herrington; that the plaintiff received no consideration for executing the contract, other than an agreement with Mrs. Rose Herrington, the wife and guardian of the defendant, that the attorney, Mr. Pearce, was to get an order passed by the court of ordinary whereby the plaintiff was to have the custody of the defendant at her home in Florida so long as he lived or was incompetent, and she was to receive $100 a month for her services in caring for the defendant; that the guardian had failed to carry out this agreement; that no money was paid to the plaintiff for the surrender of the note sued on, other than the money paid her for her services for caring for the defendant for the first month; that it was understood that Mrs. Rose Herrington was going to divorce the defendant and get out of the case altogether; that the agreement would facilitate matters; that the witness was employed to obtain the divorce for her, and did so. The plaintiff, testifying in her own behalf, was asked to explain what was meant by the consideration expressed in the release, "for value received," and on motion of the defendant, was not allowed to answer the question; but it was shown that she would have answered that she had not received any payment on the note sued on, and that she did not receive any consideration for signing the release, except that she was paid a portion of the money to which she was entitled to receive for caring for the defendant at her home in Florida. She tendered in evidence a memorandum in her own handwriting showing all payments received by her for such services, but on motion of the defendant the court excluded the memorandum.

When the plaintiff proved the execution of the note, and introduced it in evidence, this made a prima facie case. The defendant introduced in evidence the release signed by the plaintiff on July 14, 1940, wherein the consideration expressed was "for value received." "A consideration is essential to a contract which the law will enforce." Code, § 20-301. "An accord and satisfaction is a contract, and consequently must be based on a valid consideration." *Alfred Struck Co.* v. *Slicer,* 23 *Ga. App.* 52, 54 (97 S. E. 455), and cit. If the release or instrument relied on by the defendant as an accord and satisfaction was devoid of consideration, and therefore nudum pactum, the alleged settlement, under which it was contended the defendant was released from liability, was unenforceable. *DeVaughn* v. *Rothschild & Co.,* 14 *Ga. App.* 660 (2) (82 S. E. 152). The Code, § 20-310, provides: "If the consid-

eration, apparently good or valuable, fails either wholly or in part before the promise is executed, such failure may be pleaded in defense to the promise. If it be partial, an apportionment must be made according to the facts of each case." "A condition, precedent or subsequent, not complied with, want or failure of consideration, or any act of the opposite party, by which the obligation of the contract has ceased, may be pleaded as a defense." § 20-902. And where the affirmative plea is set up by the defendant to the claim of the plaintiff, the plaintiff may introduce evidence to avoid or contradict the defense without filing any additional pleadings. § 81-311. Also see *Smith* v. *Hodges,* 8 *Ga. App.* 785 (70 S. E. 195). Between the original parties, the consideration expressed in a contract is ordinarily open to inquiry for the purpose of showing that the contract was in fact executed without a consideration and is nudum pactum, or that the consideration was originally illegal and the contract void, or that the consideration has subsequently failed in whole or in part; and it has been uniformly held that one is not precluded from showing by parol that the real consideration of a contract is in fact different from the one recited in the instrument for the purpose of showing that what is thus shown to be the true consideration for the contract has failed. *Anderson r. Brown,* 72 *Ga.* 713 (3) ; *Burke* v. *Napier,* 106 *Ga.* 327 (32 S. E. 134) ; *Camp* v. *Mathews,* 143 *Ga.* 393 (85 S. E. 196) ; *Simmons* v. *International Harvester Co.,* 22 *Ga. App.* 358 (96 S. E. 9). In the present case, the defendant contended that the contract or agreement of July 14, 1940, was an accord and satisfaction of the plaintiff's note. The consideration expressed in this contract was "for value received," which is itself a patent ambiguity, and does not show what value was received by the maker of the contract, or what the actual consideration of the contract was. Parol evidence is admissible to explain all ambiguities in contracts, both patent and latent. *Pitts* v. *Allen,* 72 *Ga.* 69, 72, and cit. The court erred in rejecting the proffered testimony as to the consideration of the contract in question. The evidence in the present case, including that illegally excluded, with all reasonable deductions and inferences therefrom, did not demand the particular verdict directed by the court, and it was error to direct a verdict for the defendant. Code, § 110-104.

The court erred in overruling the plaintiff's motion for a new trial. *Judgment reversed. Felton and Parker, JJ., concur.*