40305. STOCKTON v. TURNER.

FRANKUM, Judge. 1. Where, in a suit on a promissory note, the defendant filed a cross action against the plaintiff on an account in an amount greater than the amount of the note and prayed for a setoff and a judgment against the plaintiff for the excess, the court did not err in repelling evidence

offered by the plaintiff concerning reasons, not germane to any issue in the case, for the nonpayment of the note.

2. Where, in such a case, the defendant's counterclaim against the plaintiff included certain items of personal property alleged to have been sold to, and certain services alleged to have been performed for the plaintiff, and where the defendant made no motion seeking to require the plaintiff to plead in replication, *Code* §§ 81-309 and 81-311, *McLaren v. Birdsong & Sledge*, 24 Ga. 265 (2), *Central of Ga. R. Co. v. Tankersley*, 133 Ga. 153 (2) (65 SE 367), *Metropolitan Life Ins. Co. v. Hale*, 47 Ga. App. 674 (2) (171 SE 306), it was competent for the plaintiff in opposition to the defendant's cross action to introduce any relevant evidence which was material and which tended in any way to illustrate the issue as to the plaintiff's liability to the defendant for the items sued for in the cross action. *Ga. Sav. Bank &c. Co. v. Marshall*, 207 Ga. 314 (61 SE2d 469); *Smith v. Hodges*, 8 Ga. App. 785 (2) (70 SE 195); *International Harvester Co. v. Morgan*, 19 Ga. App. 716 (92 SE 35); *Herrington v. Herrington*, 70 Ga. App. 768 (3) (29 SE2d 516); *Harmon v. Givens*, 88 Ga. App. 629, 632 (1) (77 SE2d 223).

3. It was competent for the plaintiff under such circumstances to introduce evidence that the items of property and services furnished as alleged in the cross action were furnished by the defendant to a corporation and not to the plaintiff individually, and that the corporation had paid for the goods and services alleged to have been furnished. Such evidence was relevant and material and tended to illustrate the issue between the parties, i.e., the liability of the plaintiff on the cross action, and it was improperly excluded. See *Kutzchan v. State*, 68 Ga. App. 121 (1) (22 SE2d 410); *Bell v. State*, 72 Ga. App. 848 (35 SE2d 383); *Miller Service, Inc. v. Miller*, 76 Ga. App. 143, 151 (3) (45 SE2d 466). The trial court erred in overruling special grounds 2, 3, and 4 of the motion for a new trial complaining of the exclusion of this evidence.

*Judgment reversed. Nichols, P. J., and Jordan, J., concur.*

DECIDED JANUARY 7, 1964—REHEARING DENIED JANUARY 23, 1964.

*Scott Walters, Jr.,* for plaintiff in error.
*Augustine Sams, Marion A. Sams, Edward S. Sams,* contra.