## BASS DRY GOODS COMPANY *v.* GRANITE CITY MANUFACTURING COMPANY *et al.*

1. The authority of a special agent will be construed to include all necessary and usual means for effectually executing it.
2. Where, without naming the terms of sale, the principal, in writing, authorizes a special agent to sell personal property to a particular person, such agent has authority to fix the price of the goods, and the purchaser is not bound to take notice of secret instructions given by the principal.
3. Where such agent makes a contract of sale in writing, evidence of prior conversations is inadmissible for the purpose of showing that the sale, on its face absolute, was in fact conditional.
4. Where the defendant is present at the trial, the court can not permit a plea, setting up new facts, to be filed without requiring an affidavit that the original plea did not omit such new facts for the purpose of delay, and that the amendment is not now offered for delay.

Argued October 31, — Decided December 8, 1903.

Action on contract. Before Judge Proffitt. City court of Elberton. June 27, 1903.

Gairdner, Arnold, Cason, and Brown were partners doing business under the name of the Granite City Manufacturing Company. On the dissolution of the firm by the death of Gairdner, the other members agreed that Arnold should have entire control in wind-

ing up its affairs. He employed Brown as traveling salesman, and by letter directed him to " call on Bass Dry Goods Company, and try to close them " certain goods. No price was stated in the letter. Brown presented this letter, with a card on which his name appeared as a member of the firm, to Joel, the manager of the Bass Dry Goods Company, and, after some negotiations, sold the goods to that company, and made out and signed a sale bill, showing the terms to be $3.75 per dozen, cash. This action is for damages on account of failure to deliver the goods. Former decisions of the Supreme Court in this case appear in 113 *Ga.* 1142, and 116 *Ga.* 176. After the latter of these decisions was rendered, the defendants filed an amendment to their plea, and alleged therein that before the contract sued on was signed by Brown, he stated to the plaintiff that his authority to sell was limited to the goods on hand, and that his instructions from Arnold were not to sell below the cost of manufacturing, which was much higher than the price named in the contract; and that he could not undertake to sign without first informing Arnold of the terms of the contract and getting his approval as to price, and notice as to whether the goods billed were yet on hand; whereupon Joel falsely and fraudulently said to him, " I saw Arnold since he gave you prices on these goods, and Arnold told me he was willing to dispose of them at the price you have billed them in the contract, and I know he will approve the price named. You sign the contract and send it in, and if the goods are not on hand, or Arnold will not approve the price of the goods as you have billed them, we will not insist on the contract;" that relying on these representations Brown signed the contract, subject to be approved by Arnold when sent in; that on the morning after it was signed, Brown informed the plaintiff that the goods had been sold by Arnold the day previous to the date of the contract; and soon thereafter the defendants informed the plaintiff that the price named in the contract would not be approved, and the act of Brown in making the contract was repudiated, etc. No affidavit accompanied the amendment. The plaintiff demurred to this plea, on the ground that it set out no defense; also, because no affidavit was attached showing that the original plea had not omitted the new facts or defense for the purpose of delay, and that the amendment was not offered for the purpose of delay; and because there was nothing to justify the court in exercising a discre-

tion to permit the amendment without the affidavit required by the statute. The demurrer was overruled. The trial resulted in a verdict for the defendants. The plaintiffs excepted to the overruling of the demurrer, and to the overruling of their motion for a new trial, in which it was alleged that the court erred in the instructions set out in the following opinion, and in admitting in evidence, over the objection that it varied the written contract, testimony of Brown as to statements made by him at the time of signing the contract, to the effect that it would have to be ratified by Arnold, etc.

*J. E. McClelland, J. D. Kilpatrick*, and *Z. B. Rogers*, for plaintiff.  *Joseph N. Worley*, for defendants.

LAMAR, J.  The court charged: "If you believe from the evidence . . that Arnold . . sent Brown to the plaintiff with instructions to sell the goods in question to them at a certain price, or at figures not below a certain price, you would be authorized to find that Brown was the special agent of Arnold, and, as between Arnold and plaintiff, the plaintiff would be bound to take notice of the instruction given Brown by Arnold." This was error. Assuming that the goods were not on hand, and that therefore Arnold was principal, it appeared that he had written Brown, "While in Atlanta call on Bass Dry Goods Company, and try to close them the following pants." ·As Brown had been appointed traveling salesman, it could hardly be claimed that this letter amounted to a suspension of his general powers as such. But even if it be treated as creating a special agency to sell particular goods to a particular person, the purchaser was only required to examine his authority. This the purchasers did when they read the letter. They were not bound by private instructions not included in the writing, but were justified in assuming that he could fix the price, that being an essential element in the contract of sale. While a general agent has broader powers than one selected to do a particular act, the authority in both cases must be construed to include all necessary and usual means for effectually executing it. Where one is appointed to sell a particular article to a particular person, this confers on the special agent authority to agree on the price — otherwise the appointment is illusory, and not real.  Civil Code, § 3023; *Barclay* v. *Hopkins*, 59 *Ga.* 562; *Holman* v. *Ga. R. Co.*, 67 *Ga.* 595.

Whether the firm or Arnold was the principal was in dispute; but that being once settled, the terms of the sale were in writing, and parol evidence was inadmissible to vary the written instrument, and to convert what appeared to be an absolute sale into one conditioned upon Arnold's approval. *Bass Co.* v. *Granite City Co.*, 113 *Ga.* 1142 (2); Civil Code, § 5201. This disposes of the objections to the evidence set out in numerous grounds of the motion for a new trial. Of course the defendants could attack the contract as having been procured by fraud, and so much of this evidence could be considered as went to sustain a valid plea attacking the sale because of alleged misrepresentation. But as there must be a new trial, we shall not pass on the question as to whether the verdict is contrary to law; or whether the statement by Porter in the presence of Joel, that he knew the price would be satisfactory to Arnold, was a false representation of a fact, or the mere expression of a positive conclusion, based on the supposed desire of Arnold to dispose of the goods. Nor can we on this hearing undertake to determine whether the allegation in the plea that Joel said to Brown, "I saw Arnold since he gave you the prices on these goods, and Arnold told me he was willing to dispose of them at the price you have billed them in the contract," was sustained, in view of Brown's several statements that he did not mean to say that plaintiffs or their agent had specifically told him that Arnold would be willing to sell the merchandise at $3.75 per dozen. This issue must be passed on by the jury under a proper plea, and the charge of the court adjusted thereto.

The plaintiffs demurred to the amendment to the plea, on the ground that it could not be filed without the affidavit that it was not interposed for delay, as required by Acts 1897, p. 35, amending the Civil Code, § 5057. When "the circumstances of the case or substantial justice between the parties require it," the court has power to allow such amendment without attaching the affidavit; but the discretion must be based on some facts justifying its exercise. If the defendant is absent, and on the trial some new fact is discovered requiring an amendment, he might well permit it to be filed without such affidavit. But in this case three of the defendants were in court, and there was no reason why they should have been relieved from making the oath required of all

defendants who set up new defenses after the first term.    Civil
Code, § 5052.    *Judgment reversed.    All the Justices concur.*