### Smith *v.* Payne.

Gilbert, J. Franklin S. Payne brought an action against Mary Edna Smith, to recover described land. The petition alleged that the plaintiff claimed under a duly recorded deed from Louisa J. Payne, deceased, who died in possession of the property; that the defendant was claiming under a deed from Jane Payne, who was the same person as Louisa Jane Payne, executed subsequently to the record of plaintiff's deed. The defendant admitted that she was in possession of the described land, denied plaintiff's title and right to recover, and claimed under a deed from Jane Payne, but denied that Louisa Jane Payne was the common grantor of plaintiff and defendant. The plaintiff's petition was filed on January 31, 1921. On February 28, 1922, the defendant offered an amendment to her answer, in which she attacked the validity of the plaintiff's deed on the ground that the grantor lacked mental capacity to execute the deed. The amendment was disallowed, and the defendant excepted to the disallowance. Thereafter the case proceeded to trial, and the plaintiff introduced in evidence a certified copy of the deed from Louisa J. Payne to himself; and also evidence that said grantor acquired the title to said lands during her lifetime, and that she died in possession of the same, said deed containing a reservation of the life interest of the grantor. No other evidence was offered by the plaintiff. Thereupon the court inquired if the defendant had any evidence to offer, to which counsel for defendant replied that defendant only desired to introduce evidence to show the want of capacity of said Louisa Jane Payne to make said deed, and to show that such lack of capacity continued as long as she lived; whereupon the court refused to allow defendant to introduce such evidence, and to this ruling the defendant

also excepted. There being no other evidence, the court directed the jury to find for the plaintiff the premises in dispute; and to this ruling directing a verdict for the plaintiff the defendant excepted. The case comes to this court containing only the assignments of error above stated. *Held:*

1. The amendment undertaking to set up as a defense the mental incapacity of the grantor to execute the deed introduced in evidence by the plaintiff was properly disallowed. It does not appear that there was any attempt to comply with the law under which an amendment could thereafter be allowed. Civil Code, § 5640; *Benson v. Marietta Fertilizer Co.*, 139 *Ga.* 691 (77 S. E. 1125).

2. When " the circumstances of the case or substantial justice between the parties require it," the court has power to allow an amendment to the plea without attaching the affidavit required by statute. Civil Code (1910), § 5640. But " the discretion must be based on some facts justifying its exercise." *Bass Co. v. Granite City Co.*, 119 *Ga.* 124 (4), 127 (45 S. E. 980).

3. The bill of exceptions contains the following recital: " Plaintiff's counsel objected generally to the allowance of said amendment; and the court refused to allow said amendment, upon the ground that Louisa Jane Payne was not a party to said case, and entered an order thereon a copy of which is as follows: ' Offered and disallowed Febry. 28/22. D. W. Blair, Judge,' and refused to allow defendant to attack said deed upon the ground of the mental incapacity of the grantor." This ruling was not error. Without the amendment the evidence offered to prove mental incapacity was properly rejected.

4. Under a proper construction, the answer of the defendant admitted that both parties claimed title under a common grantor. The evidence showed, without conflict, the plaintiff's right to recover the land, and the court did not err in directing a verdict accordingly.

*Judgment affirmed. All the Justices concur.*

No. 3186. JUNE 22, 1922.

Complaint for land. Before Judge Blair. Cherokee superior court. February 28, 1922.

*P. P. DuPre* and *J. Z. Foster,* for plaintiff in error.

*John S. Wood* and *Morris & Hawkins,* contra.