18852. NEW YORK LIFE INSURANCE COMPANY *v.* SMITH.

JENKINS, P. J. 1. "The authority of a special agent will be construed to include all necessary and usual means for effectually executing it." *Bass Dry Goods Co.* v. *Granite City Mfg. Co.,* 119 *Ga.* 124 (45 S. E. 980); Civil Code of 1910, § 3595. Thus, where the transferee and owner of notes payable to a loan company and secured by deeds to land places them in the hands of the payee for collection by foreclosure, a power is created in the latter to procure the services of an attorney, if necessary, to collect the notes and enforce the security. *Strong* v. *West,* 110 *Ga.* 382 (2) (35 S. E. 693).

2. In such a case an attorney employed by the agent to bring foreclosure suits on behalf of the principal against the persons indebted to the principal is not bound to take notice of secret instructions or limitations upon the authority of the agent, whereby the principal undertakes to stipulate that the agent shall bear all expense of such proceedings. *Bass Dry Goods Co.* v. *Granite City Mfg. Co.,* supra.

3. Under the testimony of the plaintiff in the instant case, to the effect that his fees were payable when the foreclosure proceedings were concluded and the judgments realized on, or the land sold, his right of action did not accrue until such proceedings had been terminated, or until his discharge as counsel by the defendant; neither of which events occurred more than four years prior to the action. Accordingly, the claim was not barred by the statute of limitations.

4. The evidence authorizes the verdict of the jury upon the issues of fact, and for no reason urged can it be here set aside.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED JANUARY 22, 1929.

ADHERED TO ON REHEARING, MARCH 2, 1929.

*Bryan & Middlebrooks, W. D. Buie, J. A. Alexander,* for plaintiff in error.

*W. M. Story, H. W. Nelson, Lillle, Powell, Smith & Goldstein,* contra.

### ON REHEARING

Counsel for the plaintiff in error, in filing their motion for rehearing, continued to deal with the case as one of principal and agent, but, in their argument upon this motion, assumed a new position, to the effect that the relation of principal and agent did not exist between the New York Life Insurance Company and the Carolina Bond and Mortgage Company at all, but that under the contract of purchase by which the New York company became the owner of the notes and security deeds, and by which the Carolina company was obligated to foreclose the security deeds at its own expense when called upon to do so, the Carolina company, upon assuming to fulfill such obligation, occupied the relation of independent contractor, rather than that of an agent. Section 3569 of the Code provides that the "relation of principal and agent arises whenever one person, expressly or *by implication,* authorizes another to act for him." In our opinion, the New York company having authorized the Carolina company to foreclose these securities in its name, and having delivered such securities to the Carolina company for such purpose, one dealing with the Carolina company under such circumstances would be authorized to assume that it was empowered to act for and on behalf of the New York company in effectually executing the purposes for which the securities were delivered. The attorney employed by the Carolina company to foreclose the securities in the name of the New York company had a right to infer the fact of agency by reason of such circumstances and the apparent relationship. *Cable Co.* v. *Walker,* 127 *Ga.* 65 (56 S. E. 108). Such being the case, the New York company could not absolve itself from liability on account of any secret and undisclosed agreement between itself and the Carolina company, by which such apparent agent was itself to bear the cost of such foreclosures.     *Judgment adhered to.*