### 19735. BRADY *v.* SAPPINGTON.

JENKINS, P. J. 1. "The authority of a special agent will be construed to include all necessary and usual means for effectually executing it." Thus, where one employs an attorney to bring a suit to restrain and enjoin certain public improvements on the ground that such improvement will result in damage to his property, consisting of real estate in a large city, the authority thus granted will include,. within its apparent scope, authority to employ an expert to examine into and estimate the damage to the property of the claimant; and a person so employed will not be bound by secret instructions or limitations upon the authority of the attorney, whereby the principal undertakes to stipulate that the attorney shall bear all expense of the litigation. *Bass Dry Goods Co. v. Granite City Mfg. Co.,* 119 *Ga.* 124 (45 S. E. 980); *New York Life Ins. Co. v. Smith,* 39 *Ga. App.* 160 (147 S. E. 126).

2. In the instant case the judge of the municipal court was authorized to find that the attorney who represented the defendant in the previous litigation was acting within the apparent scope of his authority in employing the plaintiff to make certain investigations into and secure certain data with reference to the values of real estate adjoining and in the neighborhood of the contemplated public improvement and the property of the defendant which it was claimed would be damaged by the improvement, and he was further authorized to find that the plaintiff performed the services sued for, and that they were reasonably worth the amount for which judgment was entered. The fact that such attorney may have settled the previous litigation for a large sum of money, and may have retained the greater portion thereof as a fee, while a circumstance tending to show the intention of the attorney and client as between themselves, could not operate to change the rule, as against the plaintiff in the instant suit.

3. Since the evidence authorized the finding of the judge of the municipal court, sitting without a jury, and no error of law is complained of, the judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED JANUARY 23, 1930.

*Miles W. Lewis, E. R. Lambert,* for plaintiff in error.
*King, Caldwell & Partridge,* contra.