## 20408.  GEORGIA, FLORIDA & ALABAMA RAILROAD CO.  
### v. PURVIANCE.

DECIDED JANUARY 19, 1931.

A. B. Conger, for plaintiff in error.  W. V. Custer & Son, contra.

JENKINS, P. J.  Plaintiff sued for the reasonable value of services rendered the defendant company, alleging that a named person, "secretary of the defendant company, promised your petitioner reasonable compensation for his services, though no exact sum or rate of compensation was ever agreed upon, but your petitioner entered the employment of the defendant company and discharged the duties hereinabove mentioned with the expectation of compensation, and with the promise thereof from the general officer of the defendant company hereinbefore named."  By amendment, in response to a demurrer, the services performed by the plaintiff were more specifically set forth, and it was alleged that the person named as secretary of the defendant company was "then and there an officer of the defendant corporation, and no limitation upon the power of such officer . . [was] revealed to or known by . . petitioner."  On the trial it appeared, without dispute, that this person was in fact the secretary of the defendant corporation, and the plaintiff testified that the president of the company had knowledge that he was rendering the services sued for.  The suit was for $1250, and the jury found in favor of the plaintiff in the sum of $450.  The defendant excepts to the order overruling its motion for new trial, and assigns error upon exceptions pendente

lite taken to the overruling of its demurrer to the petition as amended.

1. The petition, properly construed, sought a recovery on a quantum meruit for the reasonable value of the services rendered by the plaintiff, the alleged agreement with the defendant's secretary being alleged by way of inducement merely. *Moore* v. *Smith,* 121 *Ga.* 479 (49 S. E. 601) ; *Cooney* v. *Foote,* 15 *Ga. App.* 455 (3), 457 (83 S. E. 896) ; *Kraft* v. *Rowland,* 33 *Ga. App.* 806 (5) (128 S. E. 812). Accordingly, the petition was not subject to demurrer on the ground that the authority of the person named as secretary to bind the defendant by contract did not appear, and, the petition having been amended to meet the grounds of special demurrer, the court did not err in overruling the demurrers interposed.

2. The court did not err in charging the jury in the language of the Civil Code (1910), § 5513, with reference to an implied promise to pay where one renders services valuable to another, which the latter accepts.

3. In view of the stipulation of fact entered into, that the person named in the suit as secretary of the defendant company was in fact such officer, the admission in evidence of the testimony of the plaintiff that this person "held himself out as the secretary of the railroad company" could not have been harmful to the defendant.

4. In view of the ruling made above in the first division of the syllabus, the charge of the court, in the language of the Civil Code (1910), § 225, that "every corporation acts through its officers and is responsible for the acts of such officers in the sphere of their appropriate duties; and no corporation shall be relieved of its liability to third persons for the acts of its officers by reason of any by-law or other limitation upon the power of the officers, not known to such third person," was not harmful to the defendant. Since the plaintiff was not dependent upon proof of an express contract, but sued in quantum meruit for the reasonable worth of services rendered and accepted by the defendant, a lack of authority on the part of the secretary to contract for his services would not defeat a recovery. Moreover, it is undisputed that the secretary was in fact engaged in the performance of certain special work for and on behalf of the defendant *railroad* company in connection with the transfer to it of the physical properties held by a *railway* com-

pany, the secretary of the defendant company being the auditor for the railway company, and the plaintiff the assistant auditor. This state of facts would seem, therefore, to bring the case within the ruling of this court in *New York Life Ins. Co.* v. *Smith,* 39 *Ga. App.* 160 (147 S. E. 126).

5. The evidence authorizes the verdict in favor of the plaintiff, and it can not be here set aside.

*Judgment affirmed. Stephens and Bell, JJ., concur.*