42382. WHITE, by Next Friend v. SMITH.

ARGUED OCTOBER 5, 1966—DECIDED NOVEMBER 15, 1966.

*Joseph B. Bergen, J. Converse Bright,* for appellant.
*Kennedy & Sognier, John G. Kennedy,* for appellee.

BELL, Presiding Judge. After the time allowed for answer has expired, the defendant cannot by amendment plead any new facts or defense of which notice was not given by his original plea or answer, unless he attaches to his amendment the affidavit required by *Code* § 81-1310 or unless in the discretion of the court "the circumstances of the case or substantial justice between the parties" require that the amendment be allowed without the affidavit. *Code* § 81-1310. In allowing the amendment without the affidavit, the trial court's "discretion must be based on some facts justifying its exercise." *Bass Dry Goods Co. v. Granite City Mfg. Co.,* 119 Ga. 124, 127 (45 SE 980); *Smith v.*

*Payne,* 153 Ga. 708 (2) (113 SE 10); *Copeland v. McClelland,* 12 Ga. App. 785, 788 (78 SE 479).

The trial court may allow the amendment without the affidavit where it does not enlarge the scope of inquiry in the case and thus tend to delay the trial. See *Marsh v. Hix,* 110 Ga. 888, 890 (36 SE 230). Compare *Roberson v. Weaver,* 145 Ga. 626, 630 (89 SE 769). In other cases where plaintiff objects to the amendment for lack of the affidavit, it should be rejected unless there are "special circumstances" excusing omission of the affidavit. *Corbin v. Welfare Finance Co.,* 90 Ga. App. 443 (2) (83 SE2d 215).

For example, if the defendant is absent from the trial and some new fact is discovered requiring an amendment, there exists a basis upon which the court may exercise its discretion. *Bass Dry Goods Co. v. Granite City Mfg. Co.,* 119 Ga. 124, 127, supra. But if the defendant is present in court and no reason appears why he cannot make the oath, it is generally an abuse of discretion to relieve him from so doing. *Copeland v. McClelland,* 12 Ga. App. 785, 789, supra. Under *Code* § 81-1310 the onus of demonstrating such "special circumstances" rests upon the defendant offering the amendment without the oath.

Here the defendant failed to show any facts as a basis upon which the trial court would be authorized to exercise its discretion.

Even if the facts in this case had authorized the court's use of discretion in the allowance of the amendment, the transcript shows that in fact no discretion was exercised. It appears in the transcript that the court's allowance of defendant's amendment over objection was based upon a misinterpretation of *Code* § 81-1301. In the colloquy which took place between court and counsel, it is revealed that the court predicated its ruling solely upon the broad right of amendment conferred by *Code* § 81-1301, and failed to consider *Code* § 81-1310. Obviously these two Code sections must be read together and the former qualified by the latter. Feeling that it was bound to allow the amendment whether or not the defendant complied with *Code* § 81-1310, the court could not have exercised a discretionary choice.

Under the record in this case, the court erred in allowing defendant's amendment without the requisite affidavit.

*Judgment reversed. Jordan and Eberhardt, JJ., concur.*