**AMERICAN LAUNDRY MACHINERY MFG. CO. v. BELCHER.**

(Court of Civil Appeals of Texas. Galveston. Dec. 19, 1912.)

1. SALES (§ 442*) — DEFECTIVE QUALITY — MEASURE OF DAMAGES.

The measure of damages for failure of a seller to deliver goods of the character contracted to be sold, where the buyer keeps the goods, is the difference between the contract price and the market value of the goods delivered, and,

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

while the buyer, who, by the expenditure of money, cures the defects and makes the goods conform to the requirements of the contract, may be entitled to recover any reasonable amount so expended in lieu of such difference, he cannot, where the expenditure fails to accomplish this, recover both the amount so expended and the difference between the contract price and the value.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1284–1301; Dec. Dig. § 442.*]

2. EVIDENCE (§ 242*)—ADMISSIBILITY—DECLARATIONS OF AGENT.

Where a seller, after delivery of machinery, sends his agent to put it in good condition, so that it will conform to the requirements of the contract, his statements, while engaged in the work of repairing, as to the quality, age, and condition of the machine, are binding on the seller, and admissible in evidence against him.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 893–907; Dec. Dig. § 242.*]

3. SALES (§ 440*)—WARRANTIES—ACTIONS FOR BREACH—ADMISSIBILITY OF EVIDENCE.

In an action on notes given for the purchase price of machinery, in which defendant pleaded breach of warranty, letters written by defendant about six months after he commenced operating the machine, asking plaintiff to hold up the notes for a time, should have been admitted to contradict defendant's testimony that the machine commenced giving trouble after running only a few days and broke down almost every day for months, and their exclusion on the ground that there was no pleading by plaintiff authorizing their admission was improper.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1261–1276; Dec. Dig. § 440.*]

Appeal from Anderson County Court; O. C. Funderburk, Judge.

Action by the American Laundry Machinery Manufacturing Company against George Belcher. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Gregg & Brown, of Palestine, for appellant. Campbell & Sewell, of Palestine, for appellee.

PLEASANTS, C. J. This suit was brought by appellant against appellee to recover upon nine promissory notes executed by appellee in favor of appellant and on account for goods and merchandise sold appellee by appellant, and to foreclose a mortgage given to secure the payment of said notes upon property described in the petition. The defendant answered, in substance: That the notes sued on were given in part payment of the purchase money of two pieces of laundry machinery sold to him by plaintiff on April 23, 1908, one of said pieces of machinery being described as a flat ironer or mangle, and the other a Nelson & Kruter bosom ironer. That the defendant agreed to pay plaintiff $750 for said mangle and $185 for the Nelson & Kruter bosom ironer, and upon the receipt by him of said machinery he paid plaintiff the sum of $200, and executed his several promissory notes for the balance secured by mortgage upon said machinery, and that he had paid $275 on said notes, which payment, together with the $200 cash payment, was $290 more than the sum due by him for the Nelson & Kruter machine. That plaintiff at the time it sold said mangle to him warranted that the same was new, constructed of first-class material, and first-class workmanship, that it was in good working order in every particular, and would properly perform the work it was intended to do. "That after said mangle arrived defendant had same properly set up by a practical machinist, and fairly tried said machine out, and, after operating same only a short while in his said laundry business, it developed said mangle was defective as to material, inferior as to workmanship, poorly constructed, not properly lined up in factory, and not such as contracted to be furnished. That said mangle contains a great amount of gear and a great number of cogs that it is necessary should fit properly and operate in order to keep the gear from slipping, but defendant says that said gear and cogs constantly slipped and failed to properly work and operate, and that said gear would strip itself, notwithstanding said machine was operated by experienced and practical machinemen, and defendant further says that on or about June 1, 1908, parts of said machine began to give way, and the paint to wear off and the putty to come out of the cracks, all on account of the fact that same was improperly constructed. That there was no oil hole in the main bearings, as there should have been, and said machine would become heated in its operations, and defendant says and alleges that said machine which he purchased for new was old and worn out, and, if not utterly worthless, was not worth over $200. That afterwards, to wit, on or about the 10th day of April, 1909, defendant offered to return said mangle to plaintiff, who then and there refused to receive same. Wherefore defendant says that the consideration for which said notes were given has failed, and this he is ready to verify." The defendant also filed a plea in reconvention, which, after averring the facts before stated in his plea of failure of consideration, contains the following averments and prayer: "Defendant would further show to the court that he repeatedly notified plaintiff of the defective condition of said mangle and its unsatisfactory operation, and that his business was being ruined by attempting to operate it, and, although plaintiff repeatedly promised to send one of their men or machinists to inspect the machine and repair same if possible, it failed and refused to do so for about 18 months. In the meantime, the defendant avers, said machine was constantly breaking down, causing the entire plant to stop operation, and on account of the defective condition of said machine he often worked all night in an effort to get same in running order for the next day's business. That he, relying upon the promises of plaintiff aforesaid, and while waiting for a compliance therewith, employed various and sundry ma-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

chinists at many and various times, to work on said machine in an effort to keep same running, and paid out for labor and material for said machinists at least $500 for that purpose, all of which was necessary on account of said machine not being as represented by plaintiff, and defendant says that all of said defects, trouble, and expense was well known to plaintiff. Wherefore defendant prays that plaintiff take nothing by his suit herein, and that he recover of plaintiff the damages as above set forth, and for general and special relief." Plaintiff by supplemental petition presented general and special exceptions to defendant's answer, all of which were overruled by the court. The case was submitted to a jury upon special issues, and the jury found that there was nothing due on the notes or account sued on, and that the mortgage given by defendant was not a valid and subsisting obligation. They also found specifically that each of the warranties, as averred by the defendant, was made by the plaintiff, and that the mangle was defective in each and all of the particulars claimed by the defendant. They further found that defendant had expended for necessary repairs and labor in repairing said mangle, including the value of his own labor, the sum of $471, and that the reasonable value of the mangle at the time it was sold and delivered to defendant was the sum of $200. After the return of this verdict, the defendant filed a remittitur of $83.38 of the amount found by the jury, and judgment was rendered in his favor that plaintiff take nothing by its suit, and that defendant recover of plaintiff the sum of $388.

[1] The first and second assignments of error complain of the ruling of the court in refusing to sustain plaintiff's exceptions to defendant's answer and plea in reconvention on the ground that the facts alleged in said answer and plea do not entitle defendant to recover the amount expended by him in the repair of the machine. We think this assignment should be sustained. The general rule for the measure of damages for failure of the seller to deliver goods of the character contracted to be sold when the buyer keeps the goods is the difference between the contract price and the market value of the goods delivered. Wright v. Davenport, 44 Tex. 165. Where the buyer by an expenditure of money has cured the defects in the articles sold and made it conform to the requirements of the contract, he might be entitled to recover any reasonable amount expended for such purpose in lieu of the difference between the value of the article and the contract price, but, when the expenditure has failed to accomplish this end, he is not entitled to recover the amount of such expenditure in addition to the difference between the contract price and the value of the article, and this is what defendant by his answer and plea in reconvention claimed the right to recover and did in fact recover by the verdict and judgment.

[2] We do not think the court erred in admitting the testimony of the witnesses Stinnett and Bullard as to the statements of appellant's agent Meyers in regard to the quality, age and condition of the machine. The evidence shows that Meyers was sent by appellant to examine the machine and put it in good condition, so that it would conform to the requirements of the contract. His statements as to the condition of the machine, as shown by the testimony of the witnesses above named, were made while he was engaged in the work of repairing it, and with reference to the very act he was authorized by appellant to perform. In these circumstances his declarations and admissions were binding on the appellant, and the testimony of the witnesses Stinnett and Bullard as to what these declarations and admissions were was not subject to the objection that it was hearsay. Standefer v. Machinery Co., 34 Tex. Civ. App. 160, 78 S. W. 552; City of Austin v. Nuchols, 42 Tex. Civ. App. 5, 94 S. W. 336. If the findings of the jury that there was nothing unpaid on the notes or on the account sued on, and that the mortgage given by defendant upon the machinery was invalid, mean that the notes and accounts had been paid and that the mortgage was not a valid and subsisting obligation at the time it was given, such findings are without any evidence to support them, but, in view of the finding of the jury as to the value of the machine and the undisputed proof as to the amount paid by the defendant, they evidently intended nothing more by the findings complained of than that the consideration for the notes had failed, and that because of this fact the mortgage was no longer a valid and subsisting obligation.

[3] For the purpose of contradicting the testimony of the defendant that the mangle began to run imperfectly a few days after he put it up and began to operate it and for months thereafter it was breaking down almost every day, plaintiff offered in evidence the following letters, written to it by defendant some six months after he began to operate the machine:

"Palestine, Texas, 12/2/1908. American Laundry Mach. Mfg. Co., Cincinnati, Ohio—Gentlemen: If it is not asking too much, would like to have you hold the notes against me up for awhile; have other obligations to meet and would say in Jan. 1909 send the note I let go back and hold the other up until April, and in the meantime, if I see I can take up one, will remit you and you can forward note. Don't understand me to say to send all the past due notes in April, but begin again in April and send one every month. Hoping this will be satisfactory, I remain, Yours truly, Geo. Belcher."

"Palestine, Texas, 12/15/1908. American Laundry Machinery Mfg. Co., Cincinnati, Ohio—Gentlemen: I wrote you last month asking you to hold up my notes for three or four months and ask you to send the note I let go back in January, and so far have heard nothing from you; more than the December note is here. I ask this as a courtesy, which I think under the circumstances, you ought to grant. Awaiting an early reply, I remain, Yours truly, Geo. Belcher."

The introduction in evidence of these letters was objected to by defendant on the ground that there was no pleading on the part of plaintiff authorizing their admission in evidence. The court sustained this objection, and refused to admit the letters in evidence. The objection was wholly without merit. The letters were manifestly pertinent and material. The fact, as shown by these letters, that six months after defendant began to operate the machine and after he had paid four or five of the purchase-money notes he wrote to the plaintiff, asking an extension of the time of the payment of the notes then due, and made no complaint of any kind in regard to failure of the machine to properly perform its work, tends strongly to contradict his testimony that the machine "had run only a few days when it began to give trouble, breaking gear, stripping its cogs and getting out of order in other ways. For months it was breaking down almost every day, and I would often work until midnight trying to get it in condition to do the work next day." The letters should have been admitted.

For the errors indicated, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.