HOLBERT et al. v. SANZENBACHER et al.

(Court of Civil Appeals of Texas. Ft. Worth. June 28, 1913. Rehearing Denied Oct. 18, 1913.)

SALES (§ 429*) — CONTRACTS — WARRANTY — FAILURE TO RETURN FOR BREACH OF WARRANTY.

Where a horse sold under a guaranty did not conform thereto, but the buyers did not re-

---

turn or offer to return it to the seller as required by the contract, the seller, not guilty of any fraud inducing the purchase, was not liable to the buyers for damages, though their notes for the price had been sold to a third person, who recovered thereon.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1224–1229; Dec. Dig. § 429.*]

Appeal from District Court, Clay County; P. A. Martin, Judge.

Action by Henry Sanzenbacher and others against A. B. Holbert and others. From a judgment for plaintiffs against certain of the defendants and in favor of other defendants, the former defendants appeal. Reversed and remanded.

Wm. J. Berne, of Ft. Worth, for appellants. Taylor & Humphrey and W. T. Allen, all of Henrietta, and Bryan & Spoonts, of Ft. Worth, for appellees.

SPEER, J. This suit was brought by Henry Sanzenbacher, L. C. Thaxton, G. C. Thaxton, W. H. Douglas, E. J. Cowles, M. Lerner, Harray Scaling, Otto Polzin, A. Wolf, H. C. Zachery, and Carl Graff, constituting the Henrietta Horse Improvement Company, against A. B. Holbert, F. B. Holbert, Merchants' & Planters' Bank of Henrietta, and the First National Bank of Manchester, Iowa, to cancel certain notes, and in the alternative for damages arising out of a certain transaction in which the Holberts sold to the plaintiffs a certain stallion for breeding purposes. There was a jury trial resulting in a verdict and judgment for the plaintiffs against the Holberts for the sum of $2,500, but in favor of defendant banks. The Holberts alone appeal.

The Holberts first sold to appellees a stallion known as Abbey King. In this sale a written warranty of the horse was given, stipulating in effect that if the horse did not meet the terms of the said warranty he was to be returned to them and another horse given in exchange, and in accordance with the terms of this contract the horse Abbey King was returned to the Holberts, and another, Silver Tip, was given in exchange. Upon making this exchange the parties entered into the following guaranty contract: "Guaranty contract of A. B. Holbert, Importer and Dealer in all European Breeds of Draft, Coach and Trotting Stallions and Mares. Greely, Delaware County, Iowa, Feb. 15, 1911. In selling stallion horse Silver Tip to a company at Henrietta, Texas, and surrounding towns and their vicinities, it is specially understood by the persons who have subscribed the shares in said horse, Silver Tip, that A. B. Holbert agrees to and binds himself to fulfill *only* the following guarantee on said horse Silver Tip. (10530) 1154. (1) Because I believe there are few truly sound stallions, A. B. Holbert gives notice that he guarantees no stallion sound, but guarantees all serviceably sound as serving stallions. (2) If said horse should not prove himself a 50 per cent. foal-getter after a fair trial on sure breeding mares, said purchasers shall return him to Greely, Delaware county, Iowa, or North Ft. Worth, Texas, and receive another horse of equal value that is supposed to be sure, and in no case can they exchange for a horse of less value. (3) Parties in purchasing this horse and accepting this guarantee, contract that said horse shall be handled by an experienced, careful, kind, judicious stallioner, and caretaker, and he shall have a good box stall and yard not less than 40x50 to run in. (4) In case of exchange under any of the clauses and contracts hereto, horse must be returned as sound, as fat and in as good condition as when sold, or exchange shall not be available. (5) The seller of said horse shall not be bound by the conditions of this guarantee unless the purchaser submit to him a monthly report during season, in writing, showing the condition of this horse, the number of mares tried and reserved each month from date of purchase. This contract expires and the seller is released from any further obligations to the purchaser after April 1st, 1912. It is understood by the purchasers that the above-described stallion is not insured at this date, and, in consideration of the above guarantee, they, individually and collectively, agree and bind themselves to have the life of said stallion insured for a period of not less than one year, for not less than $1,200, for which amount, in the event of the death of said horse during the next ensuing three years from this date, the said A. B. Holbert agrees to replace him with a horse of equal value at his barns at Greely, Iowa, or North Ft. Worth, Texas. Note: Each part to this purchase by accepting this slip accepts the above as complete and full terms of this purchase, and you are to take notice that salesmen are forbidden to in any way change the printed form of this guarantee, and if changed, will not be accepted as changed by the firm. [Signed] A. B. Holbert. On behalf of the purchasers, we, the undersigned, for ourselves and our associates, accept the above terms of purchase and sale. [Signed] W. H. Douglas. L. C. Thaxton. Henry Sanzenbacher."

The evidence shows that Silver Tip was not a good foal-getter and did not measure up to the written guaranty above quoted. But the evidence further shows without dispute that the horse was not returned to the Holberts, nor was there any offer to return him by the appellees under the terms of the contract. The evidence fails to show any fraud in the matter of procuring the written contract of exchange, or even to suggest that the instrument did not contain the exact agreement of the parties. Under the undisputed facts the trial court should have instructed a verdict in favor of the appellants.

Haynes v. Plano Mfg. Co., 36 Tex. Civ. App. 567, 82 S. W. 532; Oltmanns Bros. v. Poland, 142 S. W. 653, and authorities there cited. The case of Oltmanns Bros. v. Poland, last cited, is peculiarly applicable to and decisive of this case. The reasoning in that case commends itself to us, and it would be a superfluity to reproduce its language here. The judgment of the district court is therefore reversed, and the judgment here entered that should have been entered below; that is, that the appellees take nothing as against appellants.

· Reversed and rendered.