## LIQUID CARBONIC CO. OF TEXAS v. MIGURSKI.   (No. 669.)

(Court of Civil Appeals of Texas. Beaumont. March 29, 1921.)

**I. Sales ⬤╼425—Right to rescind for breach of warranty stated.**

Although the buyer may return the goods and rescind for breach of warranty if accompanied with fraud or where the breach consists in the articles being wholly unsuitable or of another kind or thing than that for which sold, yet if the warranty goes to the degree of fitness or to quality, and the article prove to be of an inferior quality or fitness, it cannot be returned, but the remedy is by action for damages.

**2. Sales ⬤╼439, 442(3)—Where goods proved of inferior quality, judgment in action for price that neither party take anything improper where damages to buyer not proved; damages for breach of warranty difference between contract price and market value.**

Where soda fountain outfit sold was claimed by buyer to be of inferior quality, and in action for balance of the price he prayed judgment for the amount paid the seller therefor, in which action the buyer, who had not returned the goods but had used them, gave evidence of substantial defects but did not show the amount of damage or loss sustained by reason thereof, judgment that neither party take anything was error, as the measure of damages from failure to deliver goods of the character contracted for, when they are accepted by the buyer and used, is the difference between the contract price and the market value of the goods actually delivered, which damages must be proved.

---

Appeal from Jefferson County Court; D. P. Wheat, Judge.

Action by the Liquid Carbonic Company of Texas against G. A. Migurski. From judgment that neither party take anything against the other, plaintiff appeals. Reversed and remanded.

C. A. Lord, of Beaumont, for appellant.
F. G. Vaughn, of Beaumont, for appellee.

O'QUINN, J.   This suit was brought by appellant against appellee to recover the amount due on a note for $1,025, with interest and attorney's fees, and to foreclose a lien and chattel mortgage on the following property:

3–435 Zero drafts 2 soda 1 water aux coolers 1–6′ 6″ All W. I. Peerless coller box 2–5 gal cabinets and cold storage 1–5 gas milk pump 12 syrup pumps (Oval) 6 crushed fruit 1–174. Liquid 20 carbonator 1–218. Chg. outfit 1–921.1 steam table 1–757.1 Arazona urn 35 ft. B. T. Pipe soda and carb. connection

—which had been sold to appellee by appellant, and for which the note was given, and upon which a lien had been retained in said note to secure the payment thereof by ap-

pellee. The note was to be paid in monthly installments of $50 each, the last payment being for $25. Nine payments had been made, leaving a balance of $575, with interest and attorney's fees.

Appellee answered by general demurrer, general denial, and specially that when he bought the said property appellant's salesman represented the property to be of high grade nickel plate material, and guaranteed same to last for a period of five years; that said property was not as represented by said salesman, but was a thin cheap material, with thin unwearable nickel plate, and that most of said articles, in a short time, proved very unsatisfactory; that the bottom of the coffee urn burned out in three months, and the soda fountain turned brass; the steam table burned through within three months, and, in fact, that none of said property was fit for the use for which appellee bought it, and hence the consideration for which the said note was given had failed; that he had paid $475 on said note, and that by reason of the worthless condition of the said property, he had to cease the effort to use same, and had to replace same with other apparatus, and prayed for judgment against appellant for said amount paid.

The case was tried before the court, and judgment rendered that neither party take anything or have judgment against the other, and from which said judgment appellant has appealed.

If the judgment is such an one as should be rendered on the issues made by appellee's pleas being decided in his favor, the judgment must be affirmed, and unless the vendee under an executed contract of this character had the right to tender back the goods purchased, if they prove to be not such as warranted, and cancel the contract, the judgment must be reversed.

The evidence in the record does not show that the property was entirely worthless, but that much of it was defective, and failed to come up to the representations of the salesman. Appellee testified that the property worked satisfactorily for about three or four months, and then proved defective, as pleaded; that some of the property was used, after being repaired, for as much as six or eight to seventeen months, and that one or two parts were still being used. Under the facts of the case, there was not a total breach of the warranty or of the usableness of the property, and while there is evidence to show substantial defects in some of the parts, there is no evidence that shows the amount of damage or loss sustained by reason of the defective parts of the value of those parts, and such being the case, if appellee desired to recover the damages sustained by reasons of the partial breach, he should have proved such items of damages, which was not done.

[1] Evidently, appellee did not seek compensation in damages merely for a partial failure or breach of warranty. He manifestly supposed his right to be to rescind the contract entirely for the breach of warranty. In a case involving a very similar question to the one at bar, Judge Moore of the Supreme Court, in the case of Wright v. Davenport, 44 Tex. 164, said:

"Where there is a breach of the agreement or warranty accompanied with fraud, the buyer may always return the goods or not at his pleasure. When there is no fraud and the warranty goes to the fitness of the article, and it proves wholly unsuitable, or to the identity of the article and it proves another thing than that for which it was sold, it may be returned upon breach of the agreement or warranty. But if the warranty goes to the degree of fitness or to quality, and it proves to be of an inferior quality or fitness, the goods cannot be returned, and the remedy is by action for damages, the measure of which is the difference between the value of the article as it is and as it was represented to be. Thus, if a machine is sold for a particular purpose and it will perform none of the functions it may be returned; but if it only performed them badly, the remedy is by action for damages."

[2] In this case the court refused to give judgment for either party, apparently rendering judgment on the theory that appellee was entitled to the unpaid balance claimed by appellant as damages for the partial failure of the property to measure up to the representations of the salesman to appellee. Appellant contends that that was not the correct way of ascertaining what amount of damages, if any, appellee was entitled to by reason of said failure or breach of warranty, insisting that the general rule for the measure of damages for failure of the seller to deliver goods of the character contracted to be sold, when the buyer keeps the goods and attempts to use them, is the difference between the contract price and the market value of the goods delivered.

We believe this contention is correct, and that in cases of this kind the general rule for ascertaining the measure of damages in the failure to deliver goods of the character contracted to be sold, when they are accepted by the buyer and used, is the difference between the contract price and the market value of the goods actually delivered. Wright v. Davenport, 44 Tex. 164; Stark v. Alford, 49 Tex. 275; Gilbert v. Gossard, 73 S. W. 989; Miller-Stone Machine Co. v. Balfour, 25 Tex. Civ. App. 413, 61 S. W. 972; American Laundry Machine Mfg. Co. v. Belcher, 152 S. W. 855.

Because the judgment is not warranted by the evidence, it is reversed and remanded.