30280.   Harrell *v.* International Harvester Company.

Felton, J.   Where one purchased a tractor under an agreement including
the following: "The purchaser agrees to give each machine a fair trial
as soon as possible after receiving and within two days after the first
use.   If it then fails to work properly and prompt notice is given, the
seller will send a man within a reasonable time to put it in order, the
purchaser agreeing to render friendly assistance.   If it still fails to
work properly and the purchaser promptly returns it to the seller at
the place where delivered, the seller will refund the amount paid, which
shall constitute a settlement in full.   Retention of possession, or con-
tinued use, shall constitute an acceptance and satisfaction of warranty,
and further assistance rendered the purchaser shall not be considered
a waiver of this provision.   The purchaser agrees to pay the expense
of remedying any trouble due to improper handling.   No agent of the

seller has authority to alter, add to, or waive the above warranties, which are agreed to be the only warranties given and in lieu of all implied warranties;" and where the purchaser filed to the declaration in purchase-money attachment proceedings an answer which alleged that the tractor had become defective and that the seller repaired it, but that it tore up again within four or five weeks, and that the buyer was forced to have various repairs made, etc., such answer was insufficient in law to withstand a general demurrer, in the absence of an allegation that after the tractor was repaired by the seller with unsatisfactory results, it was promptly returned to the seller. It has been repeatedly held that in such cases the seller will not be held liable on the warranty unless the buyer complies with the condition precedent. *International Harvester Co.* v. *Morgan*, 19 *Ga. App.* 716 (92 S. E. 35); *International Harvester Co.* v. *Bowen*, 16 *Ga. App.* 457 (85 S. E. 637); *International Harvester Co.* v. *Dillon*, 126 *Ga.* 676 (55 S. E. 1034); *Brooks Brothers Lumber Co.* v. *Case Threshing Machine Co.*, 136 *Ga.* 754 (2) (72 S. E. 40); *Case Threshing Machine Co.* v. *Cook*, 7 *Ga. App.* 631 (67 S. E. 890).

It is not necessary to decide whether the corporation was a bona fide holder of the conditional-sale contract which formed the basis of the action and which was assigned to the corporation by the seller of the machinery.

It was not error to deny the certiorari assigning error on the judgment dismissing the answer on general demurrer, and on the rendition of a final judgment against the buyer.

*Judgment affirmed. Sutton, P. J., and Parker, J., concur.*

DECIDED FEBRUARY 19, 1944.

*S. P. Cain,* for plaintiff. *A. B. Conger,* for defendant.