30929. MARTIN v. SPARKS MOTOR CO.

PARKER, J. A used automobile was purchased with the following provisions in the contract: "seller agrees to check wheel alignment," and "there are no warranties expressed or implied except the warranty on the printed windshield sticker on the car." However, the "dealer's warranty" required by the Office of Price Administration provided: "The used car described below is hereby warranted to be in good operating condition, and to remain in such condition under normal use and service for a period of 30 days after delivery, or 1000 miles, whichever

684

may first occur. We agree, *if said car is delivered during the above period to our place of business* [italics ours], to make with reasonable promptness any repairs or replacements, which may be necessary to its good operating condition in accordance with normal use and service, at a cost to the purchaser named below of not more than 50 per cent. of the normal charge for such repairs and replacements." In the action by the purchaser against the dealer to recover half the cost of repairs made by a third party, and the one-half cost already paid the dealer on work done by it on two occasions during the life of the warranty, the evidence, though conflicting as to whether the dealer properly repaired the automobile on the said two occasions, was uncontradicted that the warranty period had not run when, without the dealer's knowledge, the purchaser took the automobile to the third party for the repairs, and that the wheel alignment had been "checked" by the defendant dealer. *Held:* It was not error for the court to direct a verdict for the defendant on the ground that the plaintiff had failed to comply with the condition precedent in the warranty (taking the machine to the defendant and giving it the opportunity to make the needed repairs), the evidence not being sufficient to establish any waiver by the dealer of its right to have the automobile brought to its shop during the warranty period. *Harrell* v. *International Harvester Co.*, 70 *Ga. App.* 655 (29 S. E. 2d, 427).

> *Judgment affirmed. Sutton, P. J., concurs.*

FELTON, J., concurring specially. I concur in the judgment for the reason that the testimony of the plaintiff was so contradictory and confusing that it is impossible to ascertain whether the repairs done by one other than the defendant were done after the defendant refused to make further repairs. In such case the testimony must be construed against the party, and in this case such construction defeats his right of recovery.

DECIDED JULY 12, 1945.

*Thomas W. Johnson,* for plaintiff.
*Jones, Jones & Sparks,* for defendant.