## McCOWN v. JENNINGS.
### No. 14905.

Court of Civil Appeals of Texas.
Fort Worth.
Feb. 20, 1948.
Rehearing Denied March 19, 1948.

S. A. Crowley and Judge Gambill, both of Fort Worth, for appellant.

M. Ward Bailey, of Fort Worth, for appellee.

HALL, Justice.

Appellee, Claude C. Jennings, sued appellant, Fred W. McCown, in a district court of Tarrant County, Texas, for damages alleged to have resulted from a breach of the hereinafter quoted written warranty, given in connection with the sale of a used automobile. The trial was to a jury and from its findings the trial court rendered judgment for the appellee and against the appellant in the sum of $613.50, with interest as six per cent thereon.

Appellant plead a general denial and that the automobile was in good operating condition and remained in good operating condition for the warranty period of thirty days. Appellant alleged, and also contends on this appeal, that appellee's measure of damage is prescribed by the terms of the warranty contained in his contract and limited thereby to defective or broken parts as set out in paragraph two thereof.

Appellee's contention in the trial court and on this appeal is that the warranty given by appellant was a general one and that he was therefore entitled to recover the difference between the price paid for the automobile and the actual market value of the automobile found by the jury when purchased.

The pertinent parts of the dealer's warranty are as follows:

"Dealer's Warranty

"The used car described below, including any equipment named in Appendix D of Maximum Price Regulation 540, is hereby warranted to be in good operating condition and to remain in such condition under normal use and service for a period of 30 days after delivery, or 1,000 miles, whichever may first occur.

"We, the undersigned, agree, if said car is delivered during the above period to our place of business, to make with reasonable promptness any repairs or replacements which may be necessary to its good operating condition in accordance with normal use and service, at a cost to the purchaser named below of not more than 50% of the normal charge for such repairs or replacements. Our normal charge is not in excess of OPA ceilings.

"This warranty does not extend to tires, tubes, paint, glass, upholstery, or to any repairs or replacements made necessary by misuse, negligence or accident.

"Make of used car, Oldsmobile; Model 66, Body Type 4 dr. Sedan; Serial Number ———; Date of Delivery October 18, 1946; Motor Number G105317; Speedometer Reading 36540. Total Selling Price $973.99."

The jury made the following findings from issues submitted:

(1) That the car was not in good operating condition when sold to appellee.

(2) That appellant failed to put said car in good operating condition.

(3) The market value of the car immediately before it was sold to appellee was $400.00.

(4) That the market value of the car immediately after it was sold to appellee was $400.00.

(5) That appellant failed within the thirty day period to put the car in good working condition.

(6) That appellee paid $40.50 for necessary and reasonable repairs on the automobile.

(7) That appellee received nothing for the car when he sold it.

Appellant submits twenty-seven points of error, which we will discuss in groups, as classified by him.

The first group consists of points 1 through 4, they submit the following propositions: That the trial court erred (1) in overruling defendant's motion for instructed verdict; (2) in overruling defend-

ant's motion for judgment notwithstanding the verdict; (3) in rendering any judgment for plaintiff because plaintiff sued on the ground of an alleged breach of a written warranty which he did not plead nor prove; and (4) insufficiency of the evidence to sustain the judgment. All of these points are overruled, the necessity of which is exemplified in the remainder of our opinion.

In support of appellant's contention that he was only obligated under the warranty for repairs and replacements, as provided in the second paragraph, he cites the following cases: Oltmanns Bros. v. Poland, Tex.Civ.App., 142 S.W. 653, writ denied; Holbert v. Sanzenbacher, Tex.Civ.App., 159 S.W. 1054; First Nat. Bank v. Fuller, Tex.Civ.App., 191 S.W. 830, writ refused; Nunn v. Brillhart, 111 Tex. 588, 242 S.W. 459; and Martin v. Sparks Motor Co., 72 Ga.App. 683, 34 S.E.2d 718. For the sake of brevity we will not discuss the holdings in these cases but after reading them we readily see that they do not involve the exact questions which are before us and find they are not controlling in this case.

Appellant's points 5 and 6 relate, first, to the error of the trial court in applying an improper measure of damages in rendering judgment, and second, the trial court erred in awarding plaintiff more damages than the law allows if there had been a breach of the warranty sued on.

The warranty and the testimony relate that the sale price of the automobile was $973.00, the amount paid by appellee. The jury found the car to be worth only $400.00 at the time of the sale of the automobile (it was not called on to find the value of the car if it had been in the condition as warranted). Appellant's contention is that since the testimony shows that it would not have cost more than $300.00 or $400.00 to place the car in good condition that he would only be obligated for one-half that amount or $150.00 to $200.00, and therefore the damage awarded was manifestly too large, and further, the jury found the actual value of the automobile was $400.00 but the appellee, in fact, sold the automobile for a price of $610.00 and that if he is liable under the theory on which this case was tried, he should only be liable for the difference between $973.00 that appellee paid for the automobile and $610.00, for which appellee sold it, or $363.00, and the $573.00 awarded by the trial court, in addition to $40.50 for repairs, is erroneous. Appellant further contends that the proper measure of damage was not submitted to the jury, which he contends is the difference between the actual value of the automobile in the condition it was in at the date of the sale and the amount the automobile would have been worth had it been in the condition as warranted, when in truth and in fact the court found as a measure of damage the difference between the sale price of the automobile to appellee and the actual value of the car, which the jury found to be $400.00. He cites the case of Sherwin-Williams Co. v. Offenhauser, Tex.Civ.App., 42 S.W.2d 859, writ refused, to support his contention. There are two lines of authorities in this state, one supporting each class of measure of damages; those supporting the measure to be the difference between the contract price and the actual value of the property as delivered include: Gutta-Percha & Rubber Mfg. Co. v. City of Cleburne, 102 Tex. 36, 112 S.W. 1047; Alba–Malakoff Lignite Co. v. Hercules Powder Co., Tex.Com.App., 235 S.W. 547, opinion by Commission of Appeals approved by the Supreme Court; American Laundry Machinery Mfg. Co. v. Belcher, Tex. Civ.App., 152 S.W. 853; McMurtry Motor Co. v. Maresh, Tex.Civ.App., 84 S.W.2d 491; Liquid Carbonic Co. v. Migurski, Tex.Civ.App., 229 S.W. 661; Nunn v. Brillhart, 111 Tex. 588, 242 S.W. 459; and the other cases, determining the measure of damages to be the difference between the value of the property as it is and the value of the property as it was warranted to be, are as follows: Wright v. Davenport, 44 Tex. 164; Ash v. Beck, Tex.Civ.App., 68 S.W. 53; Fetzer v. Haralson, Tex.Civ.App., 147 S.W. 290, writ of error denied; and Allison Ranch Co. v. Angelo Auto Electric, Inc., Tex.Civ.App., 145 S.W.2d 645, writ of error dismissed.

■■ The general rule as to the measure of damage on a breach of warranty is the difference between the actual value

of the goods and what the value would have been if the goods had been as warranted, but, as stated in 55 C.J. 872, par. 857, the purchase price may be recovered or may be taken as a fair measure of the value of the goods if as warranted; this general rule is now prevailing in most states and especially in those states which have adopted the Uniform Sales Act (this state has not adopted such Act). The rule pertains more particularly, however, to goods sold for the purpose of resale. See 46 Am.Jur. pp. 863–867. Since the parties to this law suit treat the sale price in this case as the fair market price at the time of the sale, if the car had been in good condition as warranted, and appellant testifying that it was worth the price appellee paid for it, we find that the sale price was used properly in determining the measure of damage, especially in line with the above styled cases, together with the facts in this case.

■ Appellant's contention is also overruled wherein he advances the theory that he was not obligated under the warranty, regardless of what shape the car was in when it was sold, except to pay for only one-half the repairs and replacements of parts during the thirty day period, as set out in paragraph two of the warranty. We find that paragraph two of the warranty does not change the obligation set out in the first paragraph. We construe the first paragraph to be a general warranty; if appellee's theory is tenable, the purchaser might be forced to pay a tremendous amount to place the car in the condition it should have been in as contemplated in the first paragraph. Under the first paragraph the appellant obligated himself to deliver to appellee a car in good operating condition at the date of the purchase, the second paragraph obligated him to keep the car in good condition for thirty days or be forced to pay one-half the cost in doing so. The testimony shows that appellant was allowed by OPA to charge appellee an additional $194.00 for this warranty. It would be folly to think that a man would pay $194.00 just to secure an indemnity for one-half the repairs which might become necessary during the next ensuing thirty days from the date of the

purchase. See Swisher v. Miami Motors et al., 81 Ohio App. 97, 72 N.E.2d 682.

■■ Appellant does not contend that appellee sold the car for less than market price but he does ask to be credited for the difference between the price that appellee did sell the car for, to-wit: $610.00, and the market price of the car, found by the jury, at the time of the purchase by appellee from appellant, to-wit: $400.00. We overrule appellant's contention in this respect for the reason that the jury found in answer to special issue No. 7 that appellee did not receive any money when he sold the car. The facts show appellee sold the car to Al Wooten for the cancellation of and/or the assumption of the indebtedness which appellee owed on the car. The facts further show that appellee paid a down payment of $389.56, that he made one monthly payment of $52.00 and had been out approximately $150.00 on the automobile. This amount is commensurate with the amount of the judgment which he received, less the sum of $40.50, the amount for which the trial court rendered judgment for expenditures. We find the judgment is excessive in the sum of $40.50, which amount we consider as recovery in double damages by appellee.

■■ Appellant's contention that he is not liable in this case because appellee waited six weeks before he sold the automobile or undertook to collect for his damages and that the warranty of time had elapsed by some two weeks is not tenable. The rule now is that, unless otherwise expressed, a general warranty as to quality relates to the time of the sale and does not cover future defects. 55 C.J. p. 744, sec. 714. A breach of the warranty is predicated on the date of the sale. We do not find that appellee waived his right under the warranty in this case because he failed to file this law suit within the thirty day period. We find under the law that a reasonable time after the discovery of the breach of the warranty is sufficient time to bring the law suit. DeWitt v. Kent County et al., 148 S.W.2d 213, writ dismissed, correct judgment.

■ Appellant's point No. 7 is also overruled, which embraces error of the court

in refusing to submit his requested instruction pertaining to the market value of the automobile at the time of the sale to appellee, that the jury could not consider any diminution in value of the then condition of the tires and tubes nor any diminution in value due to any future damage that might occur to tires and tubes. This phase of the warranty does not affect the general warranty, and, as heretofore stated, the damages are recoverable as of the date of the warranty.

Appellant's points Nos. 8, 9 and 10 refer to error of the trial court in refusing to give defendant's requested special issues Nos. 1, 2 and 3, which would have inquired of the jury to find, first as to whether or not all of the repairs and replacements that were necessarily made within said thirty day period, one-half was paid by the defendant; second, as to whether or not the appellee was charged more than one-half of the cost thereof; and third, as to whether or not the appellant refused to make any repairs or replacements upon said automobile when requested by the appellee at a charge of more than one-half of the cost; these requested issues become immaterial in so far as the terms of the general warranty are concerned, and we overrule them.

Appellant's points Nos. 11 and 12 pertain to the error of the trial court in submitting special issue No. 2, which was submitted to the jury as follows: "Do you find from a preponderance of the evidence that the defendant, together with his work and the work of the other parties he had to work on the car, failed to put the car in good operating condition for all normal purposes?" because the issue placed a greater burden on the defendant than justified by the warranty sued upon. This contention is overruled.

Appellant's point No. 13 pertains to error of the trial court in submitting special issue No. 5, which was submitted to the jury as follows: "Do you find from a preponderance of the evidence that within 30 days after the sale of said car by the defendant to the plaintiff, that the defendant through his work and the work of those he had to work on said car, failed to put the car in good working condition for all normal purposes?" because said issue amounts to a comment on the weight of the evidence. We overrule this assignment of error because the record discloses that the defendant admitted the necessity for additional work done on the car during said thirty day period.

Appellant's points of error Nos. 14, 15, 16, 17, and 18 pertain to error of the court in excluding from the jury evidence of the cost and repairs which he placed upon the automobile before the sale to appellee. These assignments are all overruled because it is immaterial as to what the car cost him since he admitted that the price of the automobile which he charged appellee was a fair and reasonable one. If the car had been given to him he had the right to sell it for a fair and reasonable market price under the OPA regulations. Such repairs might have become material in showing actual value if there was not shown a cash market value. M. K. T. Ry. Co. v. Jaffee Cotton Products Mfg. Co., Tex.Civ.App., 193 S.W.2d 986, error dismissed.

Appellant's point No. 19 refers to error of the court in allowing appellee's wife to voluntarily state in the presence of the jury that her mother was an invalid. This testimony was adduced as follows:

"A. I looked the car over. He had another car there, that I also looked over, the same one in the ad, and I said, I asked him which car he thought was the best car, that I was not partial to either car, but I wanted the best, because my mother at that time was in Pennsylvania, and we had been considering going up there and getting her. She is an invalid." The appellant made the following objection:

"We object to that.

"The court: I sustain the objection. It is hearsay. Gentlemen, you will not consider that statement for any purpose."

Whatever error there may have been in the voluntary statement about her mother being an invalid was cured by the court's sustaining the objection and instructing the jury not to consider it. See cases cited below.

Appellant's point No. 20 complains of the testimony to the effect that appellee had served in the armed forces of the United States. Appellee's wife testified as follows:

"Q. What business is your husband in? A. He is a Photo-Lithographer for the Anchor Printing Company.

"Q. What business was he in when you married him? A. He was in the Army.

"Q. When was he discharged from the Army? A. December of 1945."

There was no objection made to this testimony and it is not considered error for a person to state what business he is in, or what business he has been in. It is not error to show that a party has been in the Army but it should not be dwelt upon. We do not think from the record in this case that the above testimony becomes a reversible error. Shaw et al. v. Porter, Tex.Civ.App., 190 S.W.2d 396.

Appellant's point No. 21 is addressed to error of the court in allowing appellee to ask questions which indicated defendant was a man of large means and cites in his brief the following testimony, adduced from appellant, to-wit:

"Q. You handled quite a number of automobiles at that time did you not? A. Yes, I handled quite a few of them."

We overrule appellant's contention because in the first place there was no objection made to such testimony and we find such testimony was elicited from the appellant while he was explaining the reason why he did not remember certain matters. The two previous questions before the one complained of are as follows:

"Q. This was the ad, then, in the Fort Worth Star Telegram, on the 13th of October, 1946 (here contents of ad). A. Yes.

"Q. How many other days did you carry it before the car was finally sold? A. As I stated before, I don't remember. It was just one of several automobiles I had."

In the last answer it is readily seen that appellant volunteered the same information complained of, that he was doing a sizable business, which was not responsive to the question asked.

Appellant's point No. 22 refers to error of the court in overruling defendant's motion to declare a mistrial, based upon the errors complained of in points 19, 20 and 21. We overrule appellant's contention in this point for the reasons announced in the points previously referred to.

In point No. 23 appellant complains of the argument of appellee's attorney as being improper, to-wit: "I tell you, Gentlemen, if these people were in good faith, if Fred McCown were in good faith, he would have dug up those receipts and let us have something specific and show that this work had been done, and how it was done, and who did it, and when, and whether it was good or bad."

We have read the testimony in the case and have concluded that the argument could be reasonably deducted from the evidence as a whole. The record does not show that such argument was objected to by appellant at the time it was uttered by the attorney of appellee.

Appellant's point No. 24 complains of appellee's counsel making the following argument to the jury: "Now if a person should walk into a thing with their eyes open and understood what he was doing, and he got gypped, or whatever else might have happened to him, I would say that there might be some justification for taking the position that the defendant has taken in this case."

We have read both the opening and closing arguments of appellee's attorney and find that such argument as quoted above seems to be in answer to argument which the attorney for appellant injected into the law suit. Then too, taking the entire argument as a whole, we do not find there was reversible error.

What we have said in overruling appellant's points Nos. 23 and 24 will be referred to in overruling points Nos. 25 and 26, which complain of the improper argument of appellee's attorney to the jury. Appellant has failed to show he received injury by reason of the argument complained of. Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478; Texas & N. O. R. Co. v. Sturgeon, 142 Tex. 222, 177 S.W. 2d 264; King v. Federal Underwriters Ex-

change, 144 Tex. 531, 191 S.W.2d 855; Alpine Tel. Corporation v. McCall, Tex.Civ. App., 195 S.W.2d 585, writ refused; Howard v. Sears, Tex.Civ.App., 196 S.W.2d 105, writ refused, no reversible error.

Appellant's point No. 27 refers to the jury's answer to special issue No. 7, wherein the jury found that appellee did not receive any money from the sale of the automobile. This question has heretofore been discussed and we overrule the same.

The facts reflect that the car was not in a working condition at the time it was sold; the purchaser and his wife did not run the automobile immediately because they had no drivers' license; that the frame of the car was bent, causing it to wear out new tires in three or four days; it would take more money to fix it than it would be worth and that it never did run satisfactorily. Appellant purchased this automobile when it was in a wrecked condition from a wrecking company. Such facts, we find, gave appellee authority to sue upon the general warranty. Finding the case has been fairly tried, we overrule all points of error except our sustaining the one wherein complaint is made as to the item of $40.50 for expenditures as being double damages.

The judgment of the trial court is reformed by deducting the sum of $40.50 from the amount recovered by appellee; and as reformed, the judgment of the trial court is affirmed.