AMERICAN COACH COMPANY, Appellant,

v.

Robert H. HOPKINS, Appellee.

No. 3966.

Court of Civil Appeals of Texas. Waco.

Feb. 1, 1962.

After Remittitur Feb. 15, 1962.

Rehearing Denied March 8, 1962.

Sleeper, Boynton, Burleson, Williams & Johnston, P. M. Johnston, Waco, for appellant.

Dunnam & Dunnam, Waco, for appellee.

McDONALD, Chief Justice.

This suit was originally filed by plaintiff Hopkins, the purchaser of a trailer house, against the seller, and also against the manufacturer defendant, American Coach Company. Plaintiff took a non-suit against the defendant seller. Plaintiff's cause of action against defendant manufacturer, American Coach Company, was on breach of the printed warranty which came with the trailer house. Such warranty reads:

"*American Coach Company, Newton, Kansas, warrants each new coach manufactured by it to be free from defects in material and workmanship under normal use and service.* IAMERICAN agrees within the war-

*ranty period of 90 days after delivery dealer to the original purchaser to replace or repair any part or parts returned to its factory, with transportation charges prepaid, which its examination shall disclose to be defective.* Misuse, negligence, accidents, or unauthorized repairs or alterations outside of the AMERICAN factory shall void this warranty. Tires, stoves, refrigerators, water heaters and beds are not included in this warranty. These are separately covered by the warranties of their respective manufacturers. AMERICAN assumes no liability or responsibility for any representations or stipulations by any person, expressed or implied, other than those contained in this warranty. AMERICAN reserves the right to make product improvements or changes in design without incurring any obligations to supply or install such improvements or changes on previously manufactured coaches."

Plaintiff contended that the representations in the warranty were false and such warranty was breached for the reason that the trailer house was defective in workmanship and material in that the trailer house leaked and was wholly unfit for living in as a home.

Trial was to a jury which, in answer to special issues, found:

1) The trailer house was not free of defects in material and workmanship on the date it was sold to plaintiff.

2) If such trailer house had been free of defects in material and workmanship on the date it was sold, it would have been of *$7617.67* reasonable market value.

3) It had a reasonable market value of *NONE* in the condition in which it was sold.

4) The reasonable market value of the furniture plaintiff traded in as a down payment on the trailer house was $1622.-67.

The Trial Court entered judgment on the verdict for plaintiff for $7617.67. On Motion for New Trial, the Trial Court found that such judgment was excessive in the amount of $200., since plaintiff had alleged in his pleadings that the trailer had a value of $200. The plaintiff filed remittitur for $200. and the Trial Court overruled Motion for New Trial.

Defendant appeals, contending:

1) The warranty relied on by plaintiff is not a general warranty; but is a warranty limited by the 2nd paragraph thereof.

2) The judgment is excessive, manifestly too large, unjust and unconscionable.

3) There is no evidence or insufficient evidence to support the jury's finding in answer to issues 1, 2, 3 and 4.

We revert to plaintiff's 1st contention. The dominant question for determination is the meaning of the warranty made the basis of plaintiff's suit. Plaintiff says the 1st sentence thereof:

"American Coach Company, Newton, Kansas, warrants each new coach manufactured to be free from defects in material and workmanship under normal use and service"

constitutes a general warranty for the breach of which plaintiff is entitled to recover the difference in value of the trailer house as warranted and as it actually was.

Defendant contends that the 2nd sentence of the warranty:

"American agrees within the warranty period of 90 days after delivery by dealer to the original purchaser to replace or repair any part or parts returned to the factory * * *"

restricts the 1st sentence of the warranty and in effect is the only warranty actually made.

It is our view that the 2nd sentence of the warranty, supra, does not change or

limit the obligation set forth in the 1st sentence. We think that the 1st sentence constitutes a general warranty, and that the 2nd sentence constitutes an additional warranty as to the matters it purports to cover. We think the warranty herein clearly gives the buyer a general warranty as to the trailer unit, and an additional right to demand repair of specific parts that are removable and susceptible to repair. McCown v. Jennings, Tex.Civ. App., 209 S.W.2d 408, (N.W.H.) involves a warranty almost exactly like the warranty herein, and is a case directly in point supporting the conclusion here reached.

Defendant's contention 1 is overruled.

 Defendant's 2nd and 3rd contentions are generally levelled at the amount of the verdict and judgment.

The jury found that the coach would have had a reasonable market value of $7617.67 had it been as warranted. The undisputed evidence (including the chattel mortgage note), and the testimony of plaintiff, shows that the cash price of the trailer was $5995. (The difference in this amount and the $7617.67 found by the jury seems to be the result of adding the down payment of $1622.67 to this amount.) The down payment was *not* in addition to the $5995. Thus it is conclusively shown by the record that the market value as shown by the verdict is excessive on its face by $1622.67.

Further, the record reflects that the total value ($5995.) included the furniture and appliances which were expressly excluded from the warranty, and which plaintiff makes no contention were damaged or defective. The record reflects that these items had a value of *$1600.*, which *$1600.* was included in the *$5995.* We think the verdict is likewise excessive in this amount.

In view of the foregoing and of the record as a whole, we think the judgment $7417.67, (taking into account the $200.

remittitur filed by plaintiff in the trial court), is still excessive in the amount of *$3222.67*, and that this cause should be reversed for this reason only. However, plaintiff is given 10 days from this date to file a remittitur of $3222.67. Rule 440, Texas Rules of Civil Procedure; Caswell v. Satterwhite Funeral Home, Tex.Civ. App., 277 S.W.2d 237, (n. r. e.). If such remittitur is filed within the time indicated, the judgment of the Trial Court will be reformed and affirmed.

Reversed and remanded.

## AFTER FILING OF REMITTITUR

Plaintiffs having filed remittitur in the amount of $3222.67 (as suggested by this court), the judgment entered is set aside and judgment here entered reforming the judgment of the Trial Court in conformity with said remittitur, and as reformed the judgment of the Trial Court is affirmed. Costs of appeal to date of remittitur are assessed one-half against plaintiffs and one-half against defendants.