**O. R. COLWELL et ux., Appellants,**

v.

**Morton Gause WARE et al., d/b/a Gause-Ware Funeral Home, Appellees.**

**No. 16659.**

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 15, 1965.

Rehearing Denied Nov. 12, 1965.

Herrick & Tillman, and Massie Tillman, Fort Worth, for appellants.

Bailey & Williams, and James C. Allums, Jr., Dallas, for Crane & Breed Casket Co.

Brown, Day & Crowley, and M. Hendricks Brown, Fort Worth, for Arkansas Casket Co.

Simon, Crowley, Wright, Ratliff & Miller, and Kleber C. Miller, Fort Worth, for Gause-Ware Funeral Home.

LANGDON, Justice.

Appellants (plaintiffs below) filed suit against Morton Gause Ware and Mary Louise Ware Rogers, d/b/a Gause-Ware Funeral Home, for breach of an express and implied warranty of a casket. Mr. Gause Ware and Mrs. Rogers answered and filed a third party complaint against Crane and Breed Casket Company, manufacturer of the casket and against Arkansas Casket Company, from whom Gause-Ware Funeral Home purchased the casket, seeking indem-

nity against Crane and Breed and Arkansas upon their warranties. The third party defendants answered, and the case was tried upon its merits before a jury.

The parties will be referred to hereafter as the Colwells (appellants), Gause-Ware (original defendant), Crane and Breed (third party defendant), and Arkansas (third party defendant).

Plaintiffs' child, Rocky Colwell, died April 22, 1962. On the same day his grandmother, Mary M. Colwell, signed a written contract titled "Funeral Service Order and Agreement" with Gause-Ware covering arrangements for preparation for burial and funeral.

On Monday, April 23, 1962, plaintiffs and Mary Colwell met with Mr. Crews, funeral director for Gause-Ware. They went to the Arkansas Casket Company to select a casket. A five foot casket was needed and Gause-Ware did not have one. While at Arkansas, plaintiffs selected an "Ever-Seal" casket which had with it a booklet and written warranty from the manufacturer stating it had been tested air and water tight.

On April 24, 1962, Rocky Colwell's body was interred at Rose Hill Cemetery inside the "Ever-Seal" casket. At that time there was no visible evidence of any defect in the casket—it did not appear damaged in any way.

On July 8, 1962, plaintiffs visited the grave and found it sunken in and wet from a sprinkler. Plaintiffs returned to the grave the following day. It was still full of water. The cemetery personnel were requested to disinter the casket. Upon removal from the grave, the casket was found to contain water. A handle was bent on the end where water was leaking out. On December 31, 1962, plaintiffs filed suit for damages for their alleged mental anguish and suffering allegedly caused by a breach of the express and implied warranty of Gause-Ware that the original casket was air and water tight.

The jury in answer to special issues one through eight found that (1) Crews, direc-

tor of Gause-Ware, told the plaintiffs that the casket was air and water tight; (2) at the time of interment it was air and water tight; (3) before it was removed from the grave it contained water; (4) Crane and Breed warranted the casket to be air and water tight; (5) Arkansas adopted the Crane and Breed warranty; (6) Crews relied on such warranty in selling the casket; (7) the casket was air and water tight when delivered by Crane and Breed to Arkansas; and (8) the presence of water in the casket was not due solely to the manner in which the casket was handled at the cemetery on July 9, 1962 (date of disinterment). There was no issue on handling by cemetery on April 24, 1962, date of interment. Based upon these findings the trial court rendered judgment that appellants take nothing by their suit and discharged all defendants. We affirm.

■ "The rule now is that, unless otherwise expressed, a general warranty as to quality relates to the time of the sale and does not cover future defects." McCown v. Jennings, 209 S.W.2d 408 (Fort Worth Civ. App., 1948, no writ hist.). See also 55 C.J., "Sales", pp. 744–745, §§ 714–715; 77 C.J.S. Sales § 321 p. 1172; and Sam White Oldsmobile Co. v. Jones Apothecary, Inc., 337 S.W.2d 834 (Houston Civ.App., 1960, ref., n. r. e.).

"A warranty may, by the agreement of the parties, be made a continuing one, as, for example, for a fixed length of time, or for a reasonable time for the discovery of defects, or, in the case of a contract contemplating future deliveries or deliveries from time to time, coëxtensive with the agreement; or the subject matter of the contract may be such as to imply its continuance." 77 C.J.S. Sales, supra.

■ It is our opinion that under the facts of this case that any oral express warranty which may have existed at the time of the sale did not extend some seventy-five days into the future and contemplate the damag-

ing and unusual hazards to which this casket was subjected.

The evidence in this record reflects that the casket in question was in "good shape" and undamaged to the moment it was resting on a stand over the grave awaiting the time it was to be lowered and the grave filled. From that moment on the casket was under the control of the personnel of the cemetery and Gause-Ware had no further control over it.

The appellants seek reversal, primarily upon their contention that the court erred in entering judgment for the defendants because (1) the jury's answer to Special Issue No. 2 is not an affirmative finding based on a preponderance of the evidence; (2) the evidence is insufficient to support the finding and is against the great weight and preponderance of the evidence; and (3) the judgment was based on the theory that the warranty did not extend past the time of delivery.

■ We have carefully considered all of the evidence, both favorable to the verdict and that militating against it, and have concluded that the jury's findings have ample support in the record and are not contrary to the overwhelming weight and preponderance of the evidence. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951); Tudor v. Tudor, 158 Tex. 559, 314 S.W.2d 793 (1958).

■ No objection was made by appellants to the form of the issue submitted. The jury was instructed to answer either "It was air and water-tight" or "It was not air and water-tight". The casket was either air and water tight or it was not. The appellants had the burden of proving a negative—that the casket was not air and water tight. This they failed to do. See Rosenthal Dry Goods Co. v. Hillebrandt, 7 S.W. 2d 521 (Tex.Com.App., 1928, no writ hist.).

All points of error are overruled and the judgment of the trial court is affirmed.